2007 USBC, Central District of California

Form B6 - Summary (12/07)

# UNITED STATES BANKRUPTCY COURT
## Central District of California

In re _Christopher Hammel_  Debtor.  Case No. _2:08-bk-22417 EC_ (If known)

### SUMMARY OF SCHEDULES

Indicate as to each schedule whether that schedule is attached and state the number of pages in each. Report the totals from Schedules A, B, D, E, F, I, and J in the boxes provided. Add the amounts from Schedules A and B to determine the total amount of the debtor's assets. Add the amounts of all claims from Schedules D, E, and F to determine the total amount of the debtor's liabilities. Individual debtors also must complete the "Statistical Summary of Certain Liabilities and Related Data" if they file a case under chapter 7, 11, or 13.

_Only forms / No attachment_

| NAME OF SCHEDULE | ATTACHED (YES/NO) | NO. OF SHEETS | ASSETS | LIABILITIES | OTHER |
|---|---|---|---|---|---|
| A - Real Property | ✓ | | $ 700,000 | | |
| B - Personal Property | ✓ | | $ 25,000 | | |
| C - Property Claimed as Exempt | ✓ | | | | |
| D - Creditors Holding Secured Claims | ✓ | | | $ 700,000 (5%) | $ 550,000 due |
| E - Creditors Holding Unsecured Priority Claims (Total of Claims on Schedule E) | ✓ | | | $ 300,000 | |
| F - Creditors Holding Unsecured Nonpriority Claims | ✓ | | | $ 70,000 | |
| G - Executory Contracts and Unexpired Leases | ✓ | | | | |
| H - Codebtors | ✓ | | | | |
| I - Current Income of Individual Debtor(s) | | | | | $ |
| J - Current Expenditures of Individual Debtors(s) | | | | | $ |
| TOTAL | | | $ 725,000 | $ 920,000 | |



FILED
AUG 26 2008
CLERK U.S. BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
BY: _____ Deputy Clerk



FILED
CLERK U.S. BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
BY: _____ Deputy Clerk

Official Form B6 - Statistical Summary (12/07)                                          2007 USBC, Central District of California

## UNITED STATES BANKRUPTCY COURT
## CENTRAL DISTRICT OF CALIFORNIA

In re _Christopher Hammad_                    CHAPTER: _13_

                                  Debtor(s).  CASE NO.: _2:08-bk-22417_

## STATISTICAL SUMMARY OF CERTAIN LIABILITIES AND RELATED DATA (28 U.S.C. § 159)

If you are an individual debtor whose debts are primarily consumer debts, as defined in § 101(8) of the Bankruptcy Code (11 U.S.C. § 101(8)), filing a case under chapter 7, 11 or 13, you must report all information requested below.

☑ Check this box if you are an individual debtor whose debts are NOT primarily consumer debts. You are not required to report any information here.

This information is for statistical purposes only under 28 U.S.C. § 159.

Summarize the following types of liabilities, as reported in the Schedules, and total them.

| Type of Liability | Amount |
|---|---|
| Domestic Support Obligations (from Schedule E) | $ |
| Taxes and Certain Other Debts Owed to Governmental Units (from Schedule E) | $ |
| Claims for Death or Personal Injury While Debtor Was Intoxicated (from Schedule E) (whether disputed or undisputed) | $ |
| Student Loan Obligations (from Schedule F) | $ |
| Domestic Support, Separation Agreement, and Divorce Decree Obligations Not Reported on Schedule E | $ |
| Obligations to Pension or Profit-Sharing, and Other Similar Obligations (from Schedule F) | $ |
| TOTAL | $ |

**State the following:**

| | |
|---|---|
| Average Income (from Schedule I, Line 16) | $ 8,500 |
| Average Expenses (from Schedule J, Line 18) | $ 13,500 |
| Current Monthly Income (from Form 22A Line 12; OR, Form 22B Line 11; OR, Form 22C Line 20 ) | $ 5,000 |

**State the following:**

| | | |
|---|---|---|
| 1. Total from Schedule D, "UNSECURED PORTION, IF ANY" column | | $ ~~300,000~~ 0 |
| 2. Total from Schedule E, "AMOUNT ENTITLED TO PRIORITY" column. | $ ~~300,000~~ | _Disputed_ |
| 3. Total from Schedule E, "AMOUNT NOT ENTITLED TO PRIORITY, IF ANY" column | | $ 300,00 |
| 4. Total from Schedule F | | $ 360,000 |
| 5. Total of non-priority unsecured debt (sum of 1, 3, and 4) | | $ 660,000 |

Form B6A (12/07)

In re _Christopher Hammud_      Debtor.

Case No.: **2:08-LK-22417** (If known)

# SCHEDULE A - REAL PROPERTY

Except as directed below, list all real property in which the debtor has any legal, equitable, or future interest, including all property owned as a co-tenant, community property, or in which the debtor has a life estate. Include any property in which the debtor holds rights and powers exercisable for the debtor's own benefit. If the debtor is married, state whether the husband, wife, both, or the marital community own the property by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the debtor holds no interest in real property, write "None" under "Description and Location of Property."

**Do not include interests in executory contracts and unexpired leases on this schedule. List them in Schedule G - Executory Contracts and Unexpired Leases.**

If an entity claims to have a lien or hold a secured interest in any property, state the amount of the secured claim. See Schedule D. If no entity claims to hold a secured interest in the property, write "None" in the column labeled "Amount of Secured Claim."

If the debtor is an individual or if a joint petition is filed, state the amount of any exemption claimed in the property only in Schedule C - Property Claimed as Exempt.

| DESCRIPTION AND LOCATION OF PROPERTY | NATURE OF DEBTOR'S INTEREST IN PROPERTY | HUSBAND, WIFE, JOINT, OR COMMUNITY | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION | AMOUNT OF SECURED CLAIM |
|---|---|---|---|---|
| 3657 Shannon Rd. | on title / Not True Owner only through mistake | | | 700,000 |
| | | Total ► | 700,000 | |

(Report also on Summary of Schedules.)

Form B6B - (12/07)

| in re | Christopher Hammond | Debtor. | Case No.: 2:08-bk-22417 (if known) |

# SCHEDULE B - PERSONAL PROPERTY

Except as directed below, list all personal property of the debtor of whatever kind. If the debtor has no property in one or more of the categories, place an "x" in the appropriate position in the column labeled "None." If additional space is needed in any category, attach a separate sheet properly identified with the case name, case number, and the number of the category. If the debtor is married, state whether the husband, wife, both, or the marital community own the property by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the debtor is an individual or a joint petition is filed, state the amount of any exemptions claimed only in Schedule C - Property Claimed as Exempt.

**Do not list interests in executory contracts and unexpired leases on this schedule. List them in Schedule G - Executory Contracts and Unexpired Leases.**

If the property is being held for the debtor by someone else, state that person's name and address under "Description and Location of Property." If the property is being held for a minor child, simply state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m)

| TYPE OF PROPERTY | NONE | DESCRIPTION AND LOCATION OF PROPERTY | HUSBAND, WIFE, JOINT OR COMMUNITY | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITH-OUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 1. Cash on hand. | | Cash $8,000 | | |
| 2. Checking, savings or other financial accounts, certificates of deposit, or shares in banks, savings and loan, thrift, building and loan, and home stead associations, or credit unions, brokerage houses, or cooperatives. | | | | |
| 3. Security deposits with public utilities, telephone companies, landlords, and others. | | | | |
| 4. Household goods and furnishings, including audio, video, and computer equipment. | | all personal property | | |
| 5. Books; pictures and other art objects; antiques; stamp, coin, record, tape, compact disc, and other collections or collectibles. | | at Home owned | | |
| 6. Wearing apparel. | | by Spouse | | |
| 7. Furs and jewelry. | | | | |
| 8. Firearms and sports, photo-graphic, and other hobby equipment. | | | | |
| 9. Interests in insurance policies. Name insurance company of each policy and itemize surrender or refund value of each. | | | | |
| 10. Annuities. Itemize and name each issuer. | | | | |
| 11. Interests in an education IRA as defined in 26 U.S.C. § 530(b)(1) or under a qualified State tuition plan as defined in 26 U.S.C. § 529(b)(1). Give particulars. (File separately the record(s) of any such interest(s). 11 U.S.C. § 521(c); Rule 1007(b)). | | | | |

Form B6B - (12/07)

| In re | Christopher Hammel | Debtor. | Case No.: 2:08-bk-22 417 (If known) |

## SCHEDULE B - PERSONAL PROPERTY
### (Continuation Sheet)

| | TYPE OF PROPERTY | NONE | DESCRIPTION AND LOCATION OF PROPERTY | HUSBAND, WIFE, JOINT OR COMMUNITY | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|---|
| 12. | Interests in IRA, ERISA, Keogh, or other pension or profit sharing plans. Give particulars. | | | | |
| 13. | Stock and interests in incorporated and unincorporated businesses. Itemize. | | | | |
| 14. | Interests in partnerships or joint ventures. Itemize. | | | | |
| 15. | Government and corporate bonds and other negotiable and non-negotiable instruments. | | | | |
| 16. | Accounts receivable. | | | | |
| 17. | Alimony, maintenance, support, and property settlements to which the debtor is or may be entitled. Give particulars. | | | | |
| 18. | Other liquidated debts owed to debtor including tax refunds. Give particulars. | | | | |
| 19. | Equitable or future interests, life estates, and rights or powers exercisable for the benefit of the debtor other than those listed in Schedule A – Real Property. | | | | |
| 20. | Contingent and non-contingent interests in estate of a decedent, death benefit plan, life insurance policy, or trust. | | | | |
| 21. | Other contingent and unliquidated claims of every nature, including tax refunds, counterclaims of the debtor, and rights to setoff claims. Give estimated value of each. | | | | |
| 22. | Patents, copyrights, and other intellectual property. Give particulars. | | None | | |
| 23. | Licenses, franchises, and other general intangibles. Give particulars. | | | | |

Form B6B - (12/07)

| In re | | Case No. : |
|-------|--|-----------|
| | Debtor. | (If known) |

# SCHEDULE B -PERSONAL PROPERTY
## (Continuation Sheet)

| | TYPE OF PROPERTY | NONE | DESCRIPTION AND LOCATION OF PROPERTY | HUSBAND, WIFE, JOINT OR COMMUNITY | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITH-OUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|---|
| 24. | Customer lists or other compilations containing personally identifiable information (as defined in 11 U.S.C. § 101(41A)) provided to the debtor by individuals in connection with obtaining a product or service from the debtor primarily for personal, family, or household purposes. | | | | |
| 25. | Automobiles, trucks, trailers, and other vehicles and accessories. | | *merceder station wagar / @.1998* | | *3,000* |
| 26. | Boats, motors, and accessories. | | | | |
| 27. | Aircraft and accessories. | | | | |
| 28. | Office equipment, furnishings, and supplies. | | | | |
| 29. | Machinery, fixtures, equipment, and supplies used in business. | | | | |
| 30. | Inventory. | | | | |
| 31. | Animals. | | | | |
| 32. | Crops - growing or harvested. Give particulars. | | | | |
| 33. | Farming equipment and implements. | | | | |
| 34. | Farm supplies, chemicals, and feed. | | | | |
| 35. | Other personal property of any kind not already listed. Itemize. | | | | |

_____ continuation sheets attached    Total ▶    $ *3,000*

(Include amounts from any continuation sheets attached. Report total also on Summary of Schedules.)

Form B6C - (12/07)                                                    2007 USBC, Central District of California

| In re | | Case No.: | |
|---|---|---|---|
| *Chor Hammul* | Debtor. | | (If known) |

## SCHEDULE C - PROPERTY CLAIMED AS EXEMPT

Debtor claims the exemptions to which debtor is entitled
under: (Check one box)

☑ Check if debtor claims a homestead exemption that exceeds $136,875.

☐  11 U.S.C. § 522(b)(2)

☐  11 U.S.C. § 522(b)(3)

| DESCRIPTION OF PROPERTY | SPECIFY LAW PROVIDING EACH EXEMPTION | VALUE OF CLAIMED EXEMPTION | CURRENT VALUE OF PROPERTY WITHOUT DEDUCTING EXEMPTION |
|---|---|---|---|
| 3657 Shannon | Primary Home | ~~[illegible]~~ Unknown | ~~[illegible]~~ Unknown |

| In re | | Case No.: | |
| --- | --- | --- | --- |
| | Debtor. | | (If known) |

# SCHEDULE D – CREDITORS HOLDING SECURED CLAIMS

State the name, mailing address, including zip code, and last four digits of any account number of all entities holding claims secured by property of the debtor as of the date of filing of the petition. The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. List creditors holding all types of secured interests such as judgment liens, garnishments, statutory liens, mortgages, deeds of trust, and other security interests.

List creditors in alphabetical order to the extent practicable. If a minor child is the creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See. 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m). If all secured creditors will not fit on this page, use the continuation sheet provided.

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H – Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community."

If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

Total the columns labeled "Amount of Claim Without Deducting Value of Collateral" and "Unsecured Portion, if Any" in the boxes labeled "Total(s)" on the last sheet of the completed schedule. Report the total from the column labeled "Amount of Claim Without Deducting Value of Collateral" also on the Summary of Schedules and, if the debtor is an individual with primarily consumer debts, report the total from the column labeled "Unsecured Portion, if Any" on the Statistical Summary of Certain Liabilities and Related Data.

☐ Check this box if debtor has no creditors holding secured claims to report on this Schedule D.

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE AND A ACCOUNT NUMBER *(See Instructions Above)* | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED, NATURE OF LIEN, AND DESCRIPTION AND VALUE OF PROPERTY SUBJECT TO LIEN | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM WITHOUT DEDUCTING VALUE OF COLLATERAL | UNSECURED PORTION, IF ANY |
| --- | --- | --- | --- | --- | --- | --- | --- | --- |
| Last four digits of ACCOUNT NO.<br><br>Washington Mute | | | 3657 Shannon Rd. LA 9000 V<br><br>Value $ 700,007 | | | | 700,000 | |
| Last four digits of ACCOUNT NO. | | | Value $ | | | | | |
| Last four digits of ACCOUNT NO. | | | Value $ | | | | | |

___ Continuation Sheets attached

| | | Subtotal (Total of this page) ➤ | $ | |
| --- | --- | --- | --- | --- |
| | | Total (Use only last page) ➤ | $ | |
| | | | (Report total also on Summary of Schedules) | (If applicable, report also on Statistical Summary of Certain Liabilities and Related Data.) |

Form B6E - (Rev. 12/07)

In re _Christopher Hammal_  Debtor.  Case No.: _2:08-bk-22417_ (If known)

# SCHEDULE E - CREDITORS HOLDING UNSECURED PRIORITY CLAIMS
## (Continuation Sheet)

Type of Priority for Claims Listed on This Sheet

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See Instructions.) | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM | AMOUNT ENTITLED TO PRIORITY | AMOUNT NOT ENTITLED TO PRIORITY, IF ANY |
|---|---|---|---|---|---|---|---|---|---|
| Last four digits of Account No. <br><br> _IRS_ | | | | | | ✓ | | approx. 250,000 | |
| Last four digits of Account No. <br><br> _Franchise Tax_ | | | | | | | | 50,00 | |
| Last four digits of Account No. | | | | | | | | | |
| Last four digits of Account No. | | | | | | | | | |
| Last four digits of Account No. | | | | | | | | | |

Sheet no. ___ of ___ continuation sheets attached to Schedule of Creditors Holding Priority Claims

Subtotals ► $ | $ _300,000_

Total (Use only on last page of the completed Schedule E. Report also on the Summary of Schedules.) ► $

Totals (Use only on last page of the completed Schedule E. If applicable, report also on the Statistical Summary of Certain Liabilities and Related Data.) ► | $ | $

Form B6E - (Rev. 12/07)

2007 USBC, Central District of California

| In re | | Case No.: | |
|---|---|---|---|
| | *Christopher Hammel* Debtor. | *2:08-bk-22417* (If known) | |

# SCHEDULE E - CREDITORS HOLDING UNSECURED PRIORITY CLAIMS

A complete list of claims entitled to priority, listed separately by type of priority, is to be set forth on the sheets provided. Only holders of unsecured claims entitled to priority should be listed in this schedule. In the boxes provided on the attached sheets, state the name, mailing address, including zip code, and last four digits of the account number, if any, of all entities holding priority claims against the debtor or the property of the debtor, as of the date of the filing of the petition. Use a separate continuation sheet for each type of priority and label each with the type of priority.

The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. If a minor child is a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H-Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

Report the total of claims listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all claims listed on this Schedule E in the box labeled "Total" on the last sheet of the completed schedule. Report this total also on the Summary of Schedules.

Report the total of amounts entitled to priority listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all amounts entitled to priority listed on this Schedule E in the box labeled "Totals" on the last sheet of the completed schedule. Individual debtors with primarily consumer debts report this total also on the Statistical Summary of Certain Liabilities and Related Data.

Report the total of amounts not entitled to priority listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all amounts not entitled to priority listed on this Schedule E in the box labeled "Totals" on the last sheet of the completed schedule. Individual debtors with primarily consumer debts report this total also on the Statistical Summary of Certain Liabilities and Related Data.

☐ Check this box if debtor has no creditors holding unsecured priority claims to report on this Schedule E.

**TYPES OF PRIORITY CLAIMS** (Check the appropriate box(es) below if claims in that category are listed on the attached sheets)

☐ **Domestic Support Obligations**: Claims for domestic support that are owed to or recoverable by a spouse, former spouse, or child of the debtor, or the parent, legal guardian, or responsible relative of such a child, or a governmental unit to whom such a domestic support claim has been assigned to the extent provided in 11 U.S.C. § 507(a)(1).

☐ **Extensions of credit in an involuntary case**: Claims arising in the ordinary course of the debtor's business or financial affairs after the commencement of the case but before the earlier of the appointment of a trustee or the order for relief. 11 U.S.C. § 507(a)(3)

☐ **Wages, salaries, and commissions**: Wages, salaries, and commissions, including vacation, severance, and sick leave pay owing to employees and commissions owing to qualifying independent sales representatives up to $10,950* per person earned within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(4).

☐ **Contributions to employee benefit plans**: Money owed to employee benefit plans for services rendered within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(5).

☐ **Certain farmers and fishermen**: Claims of certain farmers and fishermen, up to $5,400* per farmer or fisherman, against the debtor, as provided in 11 U.S.C. § 507(a)(6).

☐ **Deposits by individuals**: Claims of individuals up to $2,425* for deposits for the purchase, lease, or rental of property or services for personal, family, or household use, that were not delivered or provided. 11 U.S.C. § 507(a)(7).

Aug. 26. 2008 2:41PM Hood rain del

Case 2:08-bk-22417-EC Doc 12 Filed 08/26/08 Entered 08/29/08 16:14:57 Desc
Main Document    Page 11 of 56    2007 USBC, Central District of California

Form B6E - (Rev. 12/07)

| In re | | Case No.: |
|-------|--|-----------|
| Christopher Hammond | Debtor. | 7:08 -bk -22417 (if known) |

☒ **Taxes and Certain Other Debts Owed to Governmental Units**: Taxes, customs duties, and penalties owing to federal, state, and local governmental units as set forth in 11 U.S.C. § 507(a)(8).

☐ **Commitments to Maintain the Capital of an Insured Depository Institution**: Claims based on commitments to the FDIC, RTC, Director of the Office of Thrift Supervision, Comptroller of the Currency, or Board of Governors of the Federal Reserve System, or their predecessors or successors, to maintain the capital of an insured depository institution. 11 U.S.C. § 507 (a)(9).

☐ **Claims for Death or Personal Injury While Debtor Was Intoxicated**: Claims for death or personal injury resulting from the operation of a motor vehicle or vessel while the debtor was intoxicated from using alcohol, a drug, or another substance. 11 U.S.C. § 507(a)(10).

*Amounts are subject to adjustment on April 1, 2010, and every three years thereafter with respect to cases commenced on or after the date of adjustment.

_____ Continuation Sheets attached

Form B6F (Official Form 6F) - (Rev. 12/07)

In re _____Christopher Hammad_____    **2007 USBC, Central District of California**

Case No.: _____

Debtor. 2:08-bk-22417 (If known)

# SCHEDULE F- CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

State the name, mailing address, including zip code, and last four digits of any account number, of all entities holding unsecured claims without priority against the debtor or the property of the debtor, as of the date of filing of the petition. The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. If a minor child is a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m). Do not include claims listed in Schedules D and E. If all creditors will not fit on this page, use the continuation sheet provided.

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H - Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community."

If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

Report the total of all claims listed on this schedule in the box labeled "Total" on the last sheet of the completed schedule. Report this total also on the Summary of Schedules and, if the debtor is an individual with primarily consumer debts filing a case under chapter 7, report this total also on the Statistical Summary of Certain Liabilities and Related Data..

☐    Check this box if debtor has no creditors holding unsecured claims to report on this Schedule F.

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See Instructions above.) | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| Last four digits of ACCOUNT NO. Washington ... | | | | | | | *400 ..* |
| Last four digits of ACCOUNT NO. Ella Nady | | | | ✓ | | | 70,000 |
| Last four digits of ACCOUNT NO. Lee Homes | | | | ✓ | unknown | | |
| Last four digits of ACCOUNT NO. | | | | | | | |

| | | |
|---|---|---|
| Subtotal ► | $ | |
| Total (Use only on last page of the completed Schedule F.) (Report also on Summary of Schedules and, if applicable, on the Statistical Summary of Certain Liabilities and Related Data.) ► | $ | 70,000 |

_____ Continuation Sheets attached

Form B6G - (12/07)                                                    2007 USBC, Central District of California

In re  _Christophe Hammond_                              Case No.: _2:08-bk-22417_ (If known)
                                                Debtor.

# SCHEDULE G - EXECUTORY CONTRACTS AND UNEXPIRED LEASES

Describe all executory contracts of any nature and all unexpired leases of real or personal property. Include any timeshare interests. State nature of debtor's interest in contract, i.e., "Purchaser," "Agent," etc. State whether debtor is the lessor or lessee of a lease. Provide the names and complete mailing addresses of all other parties to each lease or contract described. If a minor child is a party to one of the leases or contracts, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

☑ Check this box if debtor has no executory contracts or unexpired leases.

| NAME AND MAILING ADDRESS, INCLUDING ZIP CODE, OF OTHER PARTIES TO LEASE OR CONTRACT. | DESCRIPTION OF CONTRACT OR LEASE AND NATURE OF DEBTOR'S INTEREST. STATE WHETHER LEASE IS FOR NONRESIDENTIAL REAL PROPERTY. STATE CONTRACT NUMBER OF ANY GOVERNMENT CONTRACT. |
|---|---|
|  |  |

Form B6H - (12/07)                                                                    2007 USBC, Central District of California

In re _Christopher Hammul_ , Debtor.                   Case No.: _2:08-bk-22417_ (If known)

# SCHEDULE H - CODEBTORS

Provide the information requested concerning any person or entity, other than a spouse in a joint case, that is also liable on any debts listed by the debtor in the schedules of creditors. Include all guarantors and co-signers. If the debtor resides or resided in a community property state, commonwealth, or territory (including Alaska, Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, or Wisconsin) within the eight-year period immediately preceding the commencement of the case, identify the name of the debtor's spouse and of any former spouse who resides or resided with the debtor in the community property state, commonwealth, or territory. Include all names used by the nondebtor spouse during the eight years immediately preceding the commencement of this case. If a minor child is a codebtor or a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

☐ Check this box if debtor has no codebtors.

| NAME AND ADDRESS OF CODEBTOR | NAME AND ADDRESS OF CREDITOR |
|---|---|
| To follow if applicable | |

Form B6I - (Rev. 12/07)

In re **Christopher Hammat** Debtor.

Case No.: **2:08 - bk - 22417** (if known)

# SCHEDULE I - CURRENT INCOME OF INDIVIDUAL DEBTOR(S)

The column labeled "Spouse" must be completed in all cases filed by joint debtors and by every married debtor, whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed. Do not state the name of any minor child. The average monthly income calculated on this form may differ from the current monthly income calculated on Form 22A, 22B, or 22C.

| Debtor's Marital Status: | DEPENDENTS OF DEBTOR AND SPOUSE | | |
|---|---|---|---|
| | RELATIONSHIP(S) *In Divorce Proceed yo* | AGE(S) | |
| **Employment:** | **DEBTOR** | **SPOUSE** | |
| Occupation | *R E Develop* | *N/A* | |
| Name of Employer | *Capitol U.S. an Equities* | *N/A* | |
| How Long Employed | *17 years* | *N/A* | |
| Address of Employer | *46 7 w. llamcttr Ln.* *Claremont,* | *N/A* | |

| INCOME: (Estimate of average or projected monthly income at time case filed) | | DEBTOR | SPOUSE |
|---|---|---|---|
| 1. | Monthly gross wages, salary, and commissions (Prorate if not paid monthly) *9171* | $ *18,800* | $ |
| 2. | Estimate monthly overtime | $ | $ |
| 3. | **SUBTOTAL** | $ | $ |
| 4. | **LESS PAYROLL DEDUCTIONS** | | |
| | a. Payroll taxes and social security | $ | $ |
| | b. Insurance | $ | $ |
| | c. Union dues | $ | $ |
| | d. Other (specify) _____ | $ | $ |
| 5. | **SUBTOTAL OF PAYROLL DEDUCTIONS** | $ | $ |
| 6. | **TOTAL NET MONTHLY TAKE HOME PAY** | $ | $ |
| 7. | Regular income from operation of business or profession or farm (attach detailed statement) | $ | $ |
| 8. | Income from real property | $ | $ |
| 9. | Interest and dividends | $ | $ |
| 10. | Alimony, maintenance or support payments payable to the debtor for the debtor's use or that of dependents listed above. | $ | $ |
| 11. | Social security or other government assistance (Specify) _____ | $ | $ |
| 12. | Pension or retirement income | $ | $ |
| 13. | Other monthly income (Specify) _____ | $ | $ |
| | | $ | $ |
| 14. | **SUBTOTAL OF LINES 7 THROUGH 13** | | |
| 15. | **AVERAGE MONTHLY INCOME:** (Add amounts shown on lines 6 and 14) | $ | $ |
| 16. | **COMBINED AVERAGE MONTHLY INCOME** (Combine column totals from line 15) | $ *8,800* | |

(Report also on Summary of Schedules and, if applicable, on Statistical Summary of Certain Liabilities and Related Data)

17. Describe any increase or decrease in income reasonably anticipated to occur within the year following the filing of this document:

*None*

Form B6J - (Rev. 12/07)

In re  *Christopher Hammond*                                    Debtor.    Case No.: *2:08-bk-22417* (If known)

# SCHEDULE J - CURRENT EXPENDITURES OF INDIVIDUAL DEBTOR(S)

Complete this schedule by estimating the average or projected monthly expenses of the debtor and the debtor's family at time case filed. Prorate any payments made bi-weekly, quarterly, semi-annually, or annually to show monthly rate. The average monthly expenses calculated on this form may differ from the deductions from income allowed on Form22A or 22C.

☐ Check this box if a joint petition is filed and debtor's spouse maintains a separate household.  Complete a separate schedule of expenditures labeled "Spouse."

1.  Rent or home mortgage payment (include lot rented for mobile home)                     $ 6,800

    a. Are real estate taxes included?        Yes _____   No _✓_            7,000.⁰⁰
    b. Is property insurance included?        Yes _____   No _____

2.  Utilities: a. Electricity and heating fuel                                         $ _____
          b. Water and sewer        *Paid to Spouse / 7,000*     $ _____
          c. Telephone                    *per month*              $ _____
          d. Other _____         $ _____
3.  Home maintenance (repairs and upkeep)                                           $ _____
4.  Food                                                                             $ _____
5.  Clothing                                                                         $ _____
6.  Laundry and dry cleaning                                                         $ _____
7.  Medical and dental expenses                                                      $ _____
8.  Transportation (not including car payments)                                      $ _____
9.  Recreation, clubs and entertainment, newspapers, magazines, etc.                 $ _____
10. Charitable contributions                                                         $ _____
11. Insurance (not deducted from wages or included in home mortgage payments)
          a. Homeowner's or renter's                                   $ _____
          b. Life                                                       $ _____
          c. Health                                                     $ _____
          d. Auto                                                       $ _____
          e. Other _____                      $ _____
12. Taxes (not deducted from wages or included in home mortgage payments)
    (Specify) _____                                   $ _____
13. Installment payments: (In chapter 11, 12, and 13 cases, do not list payments to be included in the plan)
          a. Auto                                                       $ _____
          b. Other _____                      $ _____
          c. Other _____                      $ _____
14. Alimony, maintenance, and support paid to others                                 $ _____
15. Payments for support of additional dependents not living at your home            $ _____
16. Regular expenses from operation of business, profession, or farm (attach detailed statement)   $ _____
17. Other _____                                            $ _____

18. AVERAGE MONTHLY EXPENSES (Total lines 1-17. Report also on Summary of Schedules and,      $ 13,800
    If applicable, on the Statistical Summary of Certain Liabilities and Related Data.)

19. Describe any increase or decrease in expenditures reasonably anticipated to occur within the year following the filing of this document: _____

20. STATEMENT OF MONTHLY NET INCOME
          a. Total monthly income from Line 15 of Schedule I            $ 18,800
          b. Total monthly expenses from Line 18 above                  $ 13,800
          c. Monthly net income (a. minus b.)                          $ 5,000

# STATEMENT OF RELATED CASES
## INFORMATION REQUIRED BY LOCAL BANKRUPTCY RULE 1015-2
## UNITED STATES BANKRUPTCY COURT, CENTRAL DISTRICT OF CALIFORNIA

1. A petition under the Bankruptcy Act of 1898 or the Bankruptcy Reform Act of 1978 has previously been filed by or against the debtor, his/her spouse, an affiliate of the debtor, any copartnership or joint venture of which debtor is or formerly was a general or limited partner, or member, or any corporation of which the debtor is a director, officer, or person in control, as follows: (Set forth the complete number and title of each such of prior proceeding, date filed, nature thereof, the Bankruptcy Judge and court to whom assigned, whether still pending and, if not, the disposition thereof. If none, so indicate. Also, list any real property included in Schedule A that was filed with any such prior proceeding(s).)

2. (If petitioner is a partnership or joint venture) A petition under the Bankruptcy Act of 1898 or the Bankruptcy Reform Act of 1978 has previously been filed by or against the debtor or an affiliate of the debtor, or a general partner in the debtor, a relative of the general partner, general partner of, or person in control of the debtor, partnership in which the debtor is a general partner, general partner of the debtor, or person in control of the debtor as follows: (Set forth the complete number and title of each such prior proceeding, date filed, nature of the proceeding, the Bankruptcy Judge and court to whom assigned, whether still pending and, if not, the disposition thereof. If none, so indicate. Also, list any real property included in Schedule A that was filed with any such prior proceeding(s).)

3. (If petitioner is a corporation) A petition under the Bankruptcy Act of 1898 or the Bankruptcy Reform Act of 1978 has previously been filed by or against the debtor, or any of its affiliates or subsidiaries, a director of the debtor, an officer of the debtor, a person in control of the debtor, a partnership in which the debtor is general partner, a general partner of the debtor, a relative of the general partner, director, officer, or person in control of the debtor, or any persons, firms or corporations owning 20% or more of its voting stock as follows: (Set forth the complete number and title of each such prior proceeding, date filed, nature of proceeding, the Bankruptcy Judge and court to whom assigned, whether still pending, and if not, the disposition thereof. If none, so indicate. Also, list any real property included in Schedule A that was filed with any such prior proceeding(s).)

4. (If petitioner is an individual) A petition under the Bankruptcy Reform Act of 1978, including amendments thereof, has been filed by or against the debtor within the last 180 days: (Set forth the complete number and title of each such prior proceeding, date filed, nature of proceeding, the Bankruptcy Judge and court to whom assigned, whether still pending, and if not, the disposition thereof. If none, so indicate. Also, list any real property included in Schedule A that was filed with any such prior proceeding(s).)

I declare, under penalty of perjury, that the foregoing is true and correct.

Executed at _____ Los Angeles _____, California.

_____
Debtor

Dated _8/20/08_

_____
Joint Debtor

This form is mandatory by Order of the United States Bankruptcy Court for the Central District of California.

Revised May 2004

# F 1015-2.1

Official Form 1- Exhibit D (Rev 10/06) page 2                                      2006 USBC, Central District of California

☐ 4. I am not required to receive a credit counseling briefing because of: *[Check the applicable statement.] [Must be accompanied by a motion for determination by the court.]*

> ☐ Incapacity. (Defined in 11 U.S.C. § 109(h)(4) as impaired by reason of mental illness or mental deficiency so as to be incapable of realizing and making rational decisions with respect to financial responsibilities.);
>
> ☐ Disability. (Defined in 11 U.S.C. § 109(h)(4) as physically impaired to the extent of being unable, after reasonable effort, to participate in a credit counseling briefing in person, by telephone, or through the Internet.);
>
> ☐ Active military duty in a military combat zone.

☐ 5. The United States trustee or bankruptcy administrator has determined that the credit counseling requirement of 11 U.S.C. § 109(h) does not apply in this district.

**I certify under penalty of perjury that the information provided above is true and correct.**

Signature of Debtor: _____

Date: ___8/20/08_____

2

Form B1, Exhibit C - (9/01)                                           2001 USBC, Central District of California

## Exhibit "C"

[If, to the best of the debtor's knowledge, the debtor owns or has possession of property that poses or is alleged to pose a threat of imminent and identifiable harm to the public health or safety, attach this Exhibit "C" to the petition.]

*[Caption as in Form 16B]*

## Exhibit "C" to Voluntary Petition

1.  Identify and briefly describe all real or personal property owned by or in possession of the debtor that, to the best of the debtor's knowledge, poses or is alleged to pose a threat of imminent and identifiable harm to the public health or safety (attach additional sheets if necessary):

_3657 Shannon Rd Los Angeles 90027_

_None_

2.  With respect to each parcel of real property or item of personal property identified In question 1, describe the nature and location of the dangerous condition, whether environmental or otherwise, that poses or is alleged to pose a threat of imminent and identifiable harm to the public health or safety (attach additional sheets if necessary):

B 201 - Notice of Available Chapters (Rev. 04/06)  USBC, Central District of California

Name: _____Christoph Hammon_____

Address: _____3659 Shannon Rd.____
_____LA_____96027____

Telephone (213) 2330255 Fax: _____

☐ Attorney for Debtor

☑ Debtor in Pro Per

# UNITED STATES BANKRUPTCY COURT
# CENTRAL DISTRICT OF CALIFORNIA

| List all names including trade names, used by Debtor(s) within last 8 years: | Case No.: 2:08-bk-22417 |
|---|---|
|  | ## NOTICE OF AVAILABLE CHAPTERS |
|  | (Notice to Individual Consumer Debtor Under § 342(b) of the Bankruptcy Code) |

In accordance with § 342(b) of the Bankruptcy Code, this notice: (1) Describes briefly the services available from credit counseling services; (2) Describes briefly the purposes, benefits and costs of the four types of bankruptcy proceedings you may commence; and (3) Informs you about bankruptcy crimes and notifies you that the Attorney General may examine all information you supply in connection with a bankruptcy case. You are cautioned that bankruptcy law is complicated and not easily described. Thus, you may wish to seek the advice of an attorney to learn of your rights and responsibilities should you decide to file a petition. Court employees cannot give you legal advice.

1. **Services Available from Credit Counseling Agencies**

   **With limited exceptions, § 109(h) of the Bankruptcy Code requires that all individual debtors who file for bankruptcy relief on or after October 17, 2005, receive a briefing that outlines the available opportunities for credit counseling and provides assistance in performing a budget analysis.** The briefing must be given within 180 days **before** the bankruptcy filing. The briefing may be provided individually or in a group (including briefings conducted by telephone or on the Internet) and must be provided by a nonprofit budget and credit counseling agency approved by the United States trustee or bankruptcy administrator. The clerk of the bankruptcy court has a list that you may consult of the approved budget and credit counseling agencies.

   **In addition, after filing a bankruptcy case, an individual debtor generally must complete a financial management instructional course before he or she can receive a discharge.** The clerk also has a list of approved financial management instructional courses.

2. **The Four Chapters of the Bankruptcy Code Available to Individual Consumer Debtors**

   **Chapter 7: Liquidation ($245 filing fee, $39 administrative fee, $15 trustee surcharge: Total fee $299)**

   1. Chapter 7 is designed for debtors in financial difficulty who do not have the ability to pay their existing debts. Debtors whose debts are primarily consumer debts are subject to a "means test" designed to determine whether the case should be permitted to proceed under chapter 7. If your income is greater than the median income for your state of residence and family size, in some cases, creditors have the right to file a motion requesting that the court dismiss your case under § 707(b) of the Code. It is up to the court to decide whether the case should be dismissed.

2. Under chapter 7, you may claim certain of your property as exempt under governing law. A trustee may have the right to take possession of and sell the remaining property that is not exempt and use the sale proceeds to pay your creditors.

3. The purpose of filing a chapter 7 case is to obtain a discharge of your existing debts. If, however, you are found to have committed certain kinds of improper conduct described in the Bankruptcy Code, the court may deny your discharge and, if it does, the purpose for which you filed the bankruptcy petition will be defeated.

4. Even if you receive a general discharge, some particular debts are not discharged under the law. Therefore, you may still be responsible for most taxes and student loans; debts incurred to pay nondischargeable taxes; domestic support and property settlement obligations; most fines, penalties, forfeitures, and criminal restitution obligations; certain debts which are not properly listed in your bankruptcy papers; and debts for death or personal injury caused by operating a motor vehicle, vessel, or aircraft while intoxicated from alcohol or drugs. Also, if a creditor can prove that a debt arose from fraud, breach of fiduciary duty, or theft, or from a willful and malicious injury, the bankruptcy court may determine that the debt is not discharged.

### Chapter 13: Repayment of All or Part of the Debts of an Individual with Regular Income ($235 filing fee, $39 administrative fee: Total fee $274)

1. Chapter 13 is designed for individuals with regular income who would like to pay all or part of their debts in instalments over a period of time. You are only eligible for chapter 13 if your debts do not exceed certain dollar amounts set forth in the Bankruptcy Code.

2. Under chapter 13, you must file with the court a plan to repay your creditors all or part of the money that you owe them, using your future earnings. The period allowed by the court to repay your debts may be three years or five years, depending upon your income and other factors. The court must approve your plan before it can take effect.

3. After completing the payments under your plan, your debts are generally discharged except for domestic support obligations; most student loans; certain taxes; most criminal fines and restitution obligations; certain debts which are not properly listed in your bankruptcy papers; certain debts for acts that caused death or personal injury; and certain long term secured obligations.

### Chapter 11: Reorganization ($1000 filing fee, $39 administrative fee: Total fee $1039)

Chapter 11 is designed for the reorganization of a business but is also available to consumer debtors. Its provisions are quite complicated, and any decision by an individual to file a chapter 11 petition should be reviewed with an attorney.

### Chapter 12: Family Farmer or Fisherman ($200 filing fee, $39 administrative fee: Total fee $239)

Chapter 12 is designed to permit family farmers and fishermen to repay their debts over a period of time from future earnings and is similar to chapter 13. The eligibility requirements are restrictive, limiting its use to those whose income arises primarily from a family-owned farm or commercial fishing operation.

3. **Bankruptcy Crimes and Availability of Bankruptcy Papers to Law Enforcement Officials**

A person who knowingly and fraudulently conceals assets or makes a false oath or statement under penalty of perjury, either orally or in writing, in connection with a bankruptcy case is subject to a fine, imprisonment, or both. All information supplied by a debtor in connection with a bankruptcy case is subject to examination by the Attorney General acting through the Office of the United States Trustee, the Office of the United States Attorney, and other components and employees of the Department of Justice.

**WARNING:** Section 521(a)(1) of the Bankruptcy Code requires that you promptly file detailed information regarding your creditors, assets, liabilities, income, expenses and general financial condition. Your bankruptcy case may be dismissed if this information is not filed with the court within the time deadlines set by the Bankruptcy Code, the Bankruptcy Rules, and the local rules of the court.

B 201 - Notice of Available Chapters (Rev. 04/06)

## Certificate of [Non-Attorney] Bankruptcy Petition Preparer

I, the [non-attorney] bankruptcy petition preparer signing the debtor's petition, hereby certify that I delivered to the debtor this notice required by § 342(b) of the Bankruptcy Code.

_____
Printed Name and title, if any, of Bankruptcy Petition Preparer
Address:

_____

X _____
Signature of Bankruptcy Petition Preparer or officer,
principal, responsible person, or partner whose Social
Security number is provided above.

Social Security number (If the bankruptcy petition preparer is not an individual, state the Social Security number of the officer, principal, responsible person, or partner of the bankruptcy petition preparer.) (Required by 11 U.S.C. § 110.)

### Certificate of the Debtor

I (We), the debtor(s), affirm that I (we) have received and read this notice.

_____
Printed Name(s) of Debtor(s)

Case No. (if known) _____

X _____
Signature of Debtor                              Date

X _____
Signature of Joint Debtor (if any)               Date

In re _Christopher Hammond_                                    Case No.: 2 1, 0 8 b k- 2 2 4 1 7
                                                      Debtor.   (If known)

## DECLARATION CONCERNING DEBTOR'S SCHEDULES

### DECLARATION UNDER PENALTY OF PERJURY BY INDIVIDUAL DEBTOR

I declare under penalty of perjury that I have read the foregoing summary and schedules, consisting of _____
sheets, and that they are true and correct to the best of my knowledge, information, and belief.

Date _8/20/08_ _____          Signature: _____
                                                    Debtor

Date _____            Signature: _____
                                                    (Joint Debtor, if any)
                                                    [If joint case, both spouses must sign.]

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

### DECLARATION AND SIGNATURE OF NON-ATTORNEY BANKRUPTCY PETITION PREPARER (See 11 U.S.C. § 110)

I declare under penalty of perjury that: (1) I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110; (2) I prepared this document
for compensation and have provided the debtor with a copy of this document and the notices and information required under 11 U.S.C.
§§ 110(b), 110(h) and 342(b); and, (3) if rules or guidelines have been promulgated pursuant to 11 U.S.C. § 110(h) setting a maximum fee
for services chargeable by bankruptcy petition preparers, I have given the debtor notice of the maximum amount before preparing any
document for filing for a debtor or accepting any fee from the debtor, as required by that section.

_____          _____
Printed or Typed Name and Title, if any, of Bankruptcy Petition Preparer   Social Security No.
                                                      (Required by 11 U.S.C. § 110.)

If the bankruptcy petition preparer is not an individual, state the name, title (if any), address, and social security number of the officer,
principal, responsible person, or partner who signs this document.

_____
_____
_____
Address

X _____          _____
   Signature of Bankruptcy Petition Preparer          Date

Names and Social Security numbers of all other individuals who prepared or assisted in preparing this document, unless the bankruptcy petition preparer is not an
individual.

If more than one person prepared this document, attach additional signed sheets conforming to the appropriate Official Form for each person.

_A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both. 11 U.S.C.
§ 110; 18 U.S.C. § 156._

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -
### DECLARATION UNDER PENALTY OF PERJURY ON BEHALF OF A CORPORATION OR PARTNERSHIP

I, the _____ [the president or other officer or an authorized agent of the corporation or a member or an authorized agent
of the partnership ] of the _____ [corporation or partnership] named as debtor in this case, declare under penalty of
perjury that I have read the foregoing summary and schedules, consisting of _____ sheets, and that
they are true and correct to the best of my knowledge, information, and belief.   (Total shown on summary page plus 1.)

Date _____            Signature: _____

                                                    _____
                                                    [Print or type name of individual signing on behalf of debtor.]

_[An individual signing on behalf of a partnership or corporation must indicate position or relationship to debtor.]_

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -
       Penalty for making a false statement or concealing property: Fine of up to $500,000 or imprisonment for up to 5 years or both. 18 U.S.C. §§ 152 and 3571.

February 2006

2006 USBC Central District of California

UNITED STATES BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA

In re _Christopher Hammond_ Debtor(s).

CHAPTER: 1 3

CASE NO.: 2:08-bk-22417-EC

# DEBTOR'S CERTIFICATION OF EMPLOYMENT INCOME
## PURSUANT TO 11 U.S.C. § 521(a)(1)(B)(iv)

**FILED**

AUG 27 2008

CLERK U.S. BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
BY:                    Deputy Clerk

Please fill out the following blank(s) and check the box next to <u>one</u> of the following statements:

I, _Christopher Hammond_ , the debtor in this case, declare under penalty
(Print Name of Debtor)

of perjury under the laws of the United States of America that:

☐   I have attached to this certificate copies of my pay stubs, pay advices and/or other proof of employment income for the
60-day period prior to the date of the filing of my bankruptcy petition.
(NOTE:  the filer is responsible for blacking out the Social Security number on pay stubs prior to filing them.)

☑   I was self-employed for the entire 60-day period prior to the date of the filing of my bankruptcy petition, and received
no payment from any other employer.

☐   I was unemployed for the entire 60-day period prior to the date of the filing of my bankruptcy petition.

I, _Christopher Hammond_ , the debtor in this case, declare under penalty of
(Print Name of Joint Debtor, if any)

perjury under the laws of the United States of America that:

☐   I have attached to this certificate copies of my pay stubs, pay advices and/or other proof of employment income for
the 60-day period prior to the date of the filing of my bankruptcy petition.
(NOTE:  the filer is responsible for blacking out the Social Security number on pay stubs prior to filing them.)

☑   I was self-employed for the entire 60-day period prior to the date of the filing of my bankruptcy petition, and received
no payment from any other employer.

☐   I was unemployed for the entire 60-day period prior to the date of the filing of my bankruptcy petition.

Date _8/20/08_

Signature _____
Debtor

Date _____

Signature _____
Joint Debtor (if any)

# UNITED STATES BANKRUPTCY COURT
## Central District of California

| In re | Christopher Hammed | Debtor. | Case No.: 2:08-bk-22417 (If known) |
|---|---|---|---|

# STATEMENT OF FINANCIAL AFFAIRS

This statement is to be completed by every debtor. Spouses filing a joint petition may file a single statement on which the information for both spouses is combined. If the case is filed under chapter 12 or chapter 13, a married debtor must furnish information for both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed. An individual debtor engaged in business as a sole proprietor, partner, family farmer, or self-employed professional, should provide the information requested on this statement concerning all such activities as well as the individual's personal affairs. To indicate payments, transfers and the like to minor children, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

Questions 1 - 18 are to be completed by all debtors. Debtors that are or have been in business, as defined below, also must complete Questions 19 - 25. **If the answer to an applicable question is "None," mark the box labeled "None."** If additional space is needed for the answer to any question, use and attach a separate sheet properly identified with the case name, case number (if known), and the number of the question.

## Definitions

**"In business."** A debtor is "in business" for the purpose of this form if the debtor is a corporation or partnership. An individual debtor is "in business" for the purpose of this form if the debtor is or has been, within six years immediately preceding the filing of this bankruptcy case, any of the following: an officer, director, managing executive, or owner of 5 percent or more of the voting or equity securities of a corporation; a partner, other than a limited partner, of a partnership; a sole proprietor or self-employed full-time or part-time. An individual debtor also may be "in business" for the purpose of this form if the debtor engages in a trade, business, or other activity, other than as an employee, to supplement income from the debtor's primary employment.

**"Insider."** The term "insider" includes but is not limited to: relatives of the debtor; general partners of the debtor and their relatives; corporations of which the debtor is an officer, director, or person in control; officers, directors, and any owner of 5 percent or more of the voting or equity securities of a corporate debtor and their relatives; affiliates of the debtor and insiders of such affiliates; any managing agent of the debtor. 11 U.S.C. § 101.

---

**1.** **Income from Employment or Operation of Business**

None ☐ State the gross amount of income the debtor has received from employment, trade, or profession, or from operation of the debtor's business, including part-time activities either as an employee or in independent trade or business, from the beginning of this calendar year to the date this case was commenced. State also the gross amounts received during the two years immediately preceding this calendar year. (A debtor that maintains, or has maintained, financial records on the basis of a fiscal rather than a calendar year may report fiscal year income. Identify the beginning and ending dates of the debtor's fiscal year.) If a joint petition is filed, state income for each spouse separately. (Married debtors filing under chapter 12 or chapter 13 must state income of both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

AMOUNT                                          SOURCE

approx. 90,000                                  company / job

Statement of Financial Affairs (Form 7) - Page 2 - (Rev. 12/07)                                    2007 USBC, Central District of California

## 2.    Income Other than from Employment or Operation of Business

None ☑  State the amount of income received by the debtor other than from employment, trade, profession, operation of the
debtor's business during the **two years** immediately preceding the commencement of this case. Give particulars. If
a joint petition is filed, state income for each spouse separately. (Married debtors filing under chapter 12 or chapter
13 must state income for each spouse whether or not a joint petition is filed, unless the spouses are separated and
a joint petition is not filed.)

|           AMOUNT           |           SOURCE           |
|----------------------------|----------------------------|

## 3.    Payments to Creditors

*Complete a. or b., as appropriate, and c.*

None ☑  a.  Individual or joint debtor(s) with primarily consumer debts: List all payments on loans, installment purchases of
goods or services, and other debts to any creditor made within **90 days** immediately preceding the commencement
of this case unless the aggregate value of all property that constitutes or is affected by such transfer is less than $600.
Indicate with an asterisk (*) any payments that were made to a creditor on account of a domestic support obligation
or as part of an alternative repayment schedule under a plan by an approved nonprofit budgeting and creditor
counseling agency. (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both
spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATES OF PAYMENTS | AMOUNT PAID | AMOUNT STILL OWING |
|------------------------------|-------------------|-------------|--------------------|

None ☑  b.  *Debtor whose debts are not primarily consumer debts:* List each payment or other transfer to any creditor made
within **90 days** immediately preceding the commencement of the case unless the aggregate **value** of all property
that constitutes or is affected by such transfer is less than $5,475. If the debtor is an individual, indicate with an
asterisk (*) any payments that were made to a creditor on account of a domestic support obligation or as part of
an alternative repayment schedule under a plan by an approved nonprofit budgeting and credit counseling agency.
(Married debtors filing under chapter 12 or chapter 13 must include payments and other transfers by either or both
spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATES OF PAYMENTS/ TRANSFERS | AMOUNT PAID OR VALUE OF TRANSFERS | AMOUNT STILL OWING |
|------------------------------|------------------------------|-----------------------------------|--------------------|

None   c.   All debtors: List all payments made within **one year** immediately preceding the commencement of this case to or for the benefit of creditors who are or were insiders. (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR AND RELATIONSHIP TO DEBTOR | DATE OF PAYMENT | AMOUNT PAID | AMOUNT STILL OWING |
|---|---|---|---|
| | | | |

---

**4.   Suits and Administrative Proceedings, Executions, Garnishments and Attachments**

None   a.   List all suits and administrative proceedings to which the debtor is or was a party within **one year** immediately preceding the filing of this bankruptcy case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| CAPTION OF SUIT AND CASE NUMBER | NATURE OF PROCEEDING | COURT OR AGENCY AND LOCATION | STATUS OR DISPOSITION |
|---|---|---|---|
| | | | |

*To follow :*

---

None   b.   Describe all property that has been attached, garnished or seized under any legal or equitable process within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF PERSON FOR WHOSE BENEFIT PROPERTY WAS SEIZED | DATE OF SEIZURE | DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|
| | | |

**5.    Repossessions, Foreclosures and Returns**

 None

List all property that has been repossessed by a creditor, sold at a foreclosure sale, transferred through a deed in lieu of foreclosure or returned to the seller, within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR OR SELLER | DATE OF REPOSSESSION, FORECLOSURE SALE, TRANSFER OR RETURN | DESCRIPTION AND VALUE OF PROPERTY |
| --- | --- | --- |

**6.    Assignments and Receiverships**

None   a.  Describe any assignment of property for the benefit of creditors made within **120 days** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include any assignment by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF ASSIGNEE | DATE OF ASSIGNMENT | TERMS OF ASSIGNMENT OR SETTLEMENT |
| --- | --- | --- |

None   b.  List all property which has been in the hands of a custodian, receiver, or court-appointed official within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CUSTODIAN | NAME AND LOCATION OF COURT CASE TITLE AND NUMBER | DATE OF ORDER | DESCRIPTION AND VALUE OF PROPERTY |
| --- | --- | --- | --- |

7.    **Gifts**

None ☑  List all gifts or charitable contributions made within **one year** immediately preceding the commencement of this case except ordinary and usual gifts to family members aggregating less than $200 in value per individual family member and charitable contributions aggregating less than $100 per recipient.  (Married debtors filing under chapter 12 or chapter 13 must include gifts or contributions by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF PERSON OR ORGANIZATION | RELATIONSHIP TO DEBTOR, IF ANY | DATE OF GIFT | DESCRIPTION AND VALUE OF GIFT |
| --- | --- | --- | --- |
| | | | |

8.    **Losses**

None ☑  List all losses from fire, theft, other casualty or gambling within **one year** immediately preceding the commencement of this case **or since the commencement of this case**.  (Married debtors filing under chapter 12 or chapter 13 must include losses by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| DESCRIPTION AND VALUE OF PROPERTY | DESCRIPTION OF CIRCUMSTANCES AND, IF LOSS WAS COVERED IN WHOLE OR IN PART BY INSURANCE, GIVE PARTICULARS | DATE OF LOSS |
| --- | --- | --- |
| | | |

9.    **Payments Related to Debt Counseling or Bankruptcy**

None ☑  List all payments made or property transferred by or on behalf of the debtor to any persons, including attorneys, for consultation concerning debt consolidation, relief under the bankruptcy law or preparation of a petition in bankruptcy within **one year** immediately preceding the commencement of this case.

| NAME AND ADDRESS OF PAYEE | DATE OF PAYMENT, NAME OF PAYER IF OTHER THAN DEBTOR | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY |
| --- | --- | --- |
| | | |

**10.    Other Transfers**

None ☑ a. List all other property, other than property transferred in the ordinary course of the business or financial affairs of the debtor, transferred either absolutely or as security within two years immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include transfers by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF TRANSFEREE, RELATIONSHIP TO DEBTOR | DATE | DESCRIBE PROPERTY TRANSFERRED AND VALUE RECEIVED |
|---|---|---|

None ☑ b. List all property transferred by the debtor within ten years immediately preceding the commencement of this case to a self-settled trust or similar device of which the debtor is a beneficiary.

| NAME OF TRUST OR OTHER DEVICE | DATE(S) OF TRANSFER(S) | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY OR DEBTOR'S INTEREST IN PROPERTY |
|---|---|---|

**11.    Closed Financial Accounts**

None ☑ List all financial accounts and instruments held in the name of the debtor or for the benefit of the debtor which were closed, sold, or otherwise transferred within one year immediately preceding the commencement of this case. Include checking, savings, or other financial accounts, certificates of deposit, or other instruments; shares and share accounts held in banks, credit unions, pension funds, cooperatives, associations, brokerage houses and other financial institutions. (Married debtors filing under chapter 12 or chapter 13 must include information concerning accounts or instruments held by or for either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF INSTITUTION | TYPE OF ACCOUNT, LAST FOUR DIGITS OF ACCOUNT NUMBER, AND AMOUNT OF FINAL BALANCE | AMOUNT AND DATE OF SALE OR CLOSING |
|---|---|---|

Statement of Financial Affairs (Form 7) - Page 7 - (Rev. 12/07)                    2007 USBC, Central District of California

---

**12.    Safe Deposit Boxes**

None ☑    List each safe deposit or other box or depository in which the debtor has or had securities, cash, or other valuables within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include boxes or depositories of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF BANK OR OTHER DEPOSITORY | NAMES AND ADDRESSES OF THOSE WITH ACCESS TO BOX OR DEPOSITORY | DESCRIPTION OF CONTENTS | DATE OF TRANSFER OR SURRENDER, IF ANY |
|---|---|---|---|

---

**13.    Setoffs**

None ☑    List all setoffs made by any creditor, including a bank, against a debt or deposit of the debtor within **90 days** preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATE OF SETOFF | AMOUNT OF SETOFF |
|---|---|---|

---

**14.    Property Held for Another Person**

None ☑    List all property owned by another person that the debtor holds or controls.

| NAME AND ADDRESS OF OWNER | DESCRIPTION AND VALUE OF PROPERTY | LOCATION OF PROPERTY |
|---|---|---|

**15.    Prior Address of Debtor**

None   If debtor has moved within **three years** immediately preceding the commencement of this case, list all premises which
☑      the debtor occupied during that period and vacated prior to the commencement of this case. If a joint petition is filed,
       report also any separate address of either spouse.

ADDRESS                      NAME USED                    DATES OF OCCUPANCY

---

**16.    Spouses and Former Spouses**

None   If the debtor resides or resided in a community property state, commonwealth, or territory (including Alaska, Arizona,
☐      California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, or Wisconsin) within **eight years**
       immediately preceding the commencement of the case, identify the name of the debtor's spouse and of any former
       spouse who resides or resided with the debtor in the community property state.

NAME
       Ayahlushim Hammond

---

**17.    Environmental Information**

For the purpose of this question, the following definitions apply:

"Environmental Law" means any federal, state, or local statute or regulation regulating pollution, contamination,
releases of hazardous or toxic substances, wastes or material into the air, land, soil, surface water, groundwater, or
other medium, including, but not limited to, statutes or regulations regulating the cleanup of these substances, wastes,
or material.

"Site" means any location, facility, or property as defined under any Environmental Law, whether or not presently or
formerly owned or operated by the debtor, including, but not limited to, disposal sites.

"Hazardous Material" means anything defined as a hazardous waste, hazardous substance, toxic substance,
hazardous material, pollutant, or contaminant or similar term under an Environmental Law.

---

None   a.  List the name and address of every site for which the debtor has received notice in writing by a governmental unit
☑          that it may be liable or potentially liable under or in violation of an Environmental Law. Indicate the governmental
           unit, the date of the notice, and, if known, the Environmental Law:

| SITE NAME AND ADDRESS | NAME AND ADDRESS OF GOVERNMENTAL UNIT | DATE OF NOTICE | ENVIRONMENTAL LAW |
| --- | --- | --- | --- |

Statement of Financial Affairs (Form 7) - Page 9 - (Rev. 12/07)                2007 USBC, Central District of California

None    b.  List the name and address of every site for which the debtor provided notice to a governmental unit of a release
☑        of Hazardous Material. Indicate the governmental unit to which the notice was sent and the date of the notice.

| SITE NAME AND ADDRESS | NAME AND ADDRESS OF GOVERNMENTAL UNIT | DATE OF NOTICE | ENVIRONMENTAL LAW |
|---|---|---|---|
| | | | |

None    c.  List all judicial or administrative proceedings, including settlements or orders, under any Environmental Law with
☑        respect to which the debtor is or was a party.  Indicate the name and address of the governmental unit that is or
        was a party to the proceeding, and the docket number.

| NAME AND ADDRESS OF GOVERNMENTAL UNIT | DOCKET NUMBER | STATUS OR DISPOSITION |
|---|---|---|
| | | |

18.    Nature, Location and Name of Business

None    a.  *If the debtor is an individual*, list the names, addresses, taxpayer identification numbers, nature of the businesses,
☐        and beginning and ending dates of all businesses in which the debtor was an officer, director, partner, or managing
        executive of a corporation, partner in a partnership, sole proprietor, or was self-employed in a trade, profession,
        or other activity either full- or part-time within **six years** immediately preceding the commencement of this case,
        or in which the debtor owned 5 percent or more of the voting or equity securities within **six years** immediately
        preceding the commencement of this case.

        *If the debtor is a partnership*, list the names, addresses, taxpayer identification numbers, nature of the businesses,
        and beginning and ending dates of all businesses in which the debtor was a partner or owned 5 percent or more
        of the voting or equity  securities, within **six years** immediately preceding the commencement of this case.

        *If the debtor is a corporation*, list the names, addresses, taxpayer identification numbers, nature of the businesses,
        and beginning and ending dates of all businesses in which the debtor was a partner or owned 5 percent or more
        of the voting or equity securities within **six years** immediately preceding the commencement of this case.

| NAME | LAST FOUR DIGITS OF SOC. SEC. NO./ COMPLETE EIN' OR OTHER TAXPAYER I.D. NO. | ADDRESS | NATURE OF BUSINESS | BEGINNING AND ENDING DATES |
|---|---|---|---|---|
| CVE Affordable Housing | Lost | 3250 Wilshire suite | R.E. | Continues |
| CVE Development | | " | R.E | Continue |
| Marlton Square Associates | | " | R.E. | Continue |
| MS Acquisitions | | " | R.E. | Continue |

None b.  Identify any business listed in response to subdivision a., above, that is "single asset real estate" as     defined
☐    in 11 U.S.C. § 101.

   NAME                                      ADDRESS

---

The following questions are to be completed by every debtor that is a corporation or partnership and by any individual debtor who is or has been, within **six years** immediately preceding the commencement of this case, any of the following: an officer, director, managing executive, or owner of more than 5 percent of the voting or equity securities of a corporation; a partner, other than a limited partner, of a partnership, a sole proprietor, or self-employed in a trade, profession, or other activity, either full- or part-time.

*(An individual or joint debtor should complete this portion of the statement only if the debtor is or has been in business, as defined above, within six years immediately preceding the commencement of this case. A debtor who has not been in business within those six years should go directly to the signature page.)*

---

### 19.   Books, Records and Financial Statements

None a.  List all bookkeepers and accountants who within **two years** immediately preceding the filing of this bankruptcy
☑    case kept or supervised the keeping of books of account and records of the debtor.

   NAME AND ADDRESS                          DATES SERVICES RENDERED

---

None b.  List all firms or individuals who within **two years** immediately preceding the filing of this bankruptcy case have
☐    audited the books of account and records, or prepared a financial statement of the debtor.

   NAME                    ADDRESS             DATES SERVICES RENDERED

---

None c.  List all firms or individuals who at the time of the commencement of this case were in possession of the books of
☑    account and records of the debtor.  If any of the books of account and records are not available, explain.

   NAME                                      ADDRESS

None / d. List all financial institutions, creditors and other parties, including mercantile and trade agencies, to whom a financial statement was issued by the debtor within **two years** immediately preceding the commencement of this case.

NAME AND ADDRESS                           DATE ISSUED

**20.    Inventories**

None / a. List the dates of the last two inventories taken of your property, the name of the person who supervised the taking of each inventory, and the dollar amount and basis of each inventory.

|  |  | DOLLAR AMOUNT OF INVENTORY (Specify cost, market, or other basis) |
|---|---|---|
| DATE OF INVENTORY | INVENTORY SUPERVISOR | |

None / b. List the name and address of the person having possession of the records of each of the inventories reported in a, above.

| DATE OF INVENTORY | NAME AND ADDRESS OF CUSTODIAN OF INVENTORY RECORDS |
|---|---|

**21.    Current Partners, Officers, Directors and Shareholders**

None / a. If the debtor is a partnership, list the nature and percentage of partnership interest of each member of the partnership.

NAME AND ADDRESS          NATURE OF INTEREST          PERCENTAGE OF INTEREST

None b.  If the debtor is a corporation, list all officers and directors of the corporation, and each stockholder who directly or
☑      indirectly owns, controls, or holds 5 percent or more of the voting or equity securities of the corporation.

| NAME AND ADDRESS | TITLE | NATURE AND PERCENTAGE OF STOCK OWNERSHIP |
|---|---|---|

---

**22.   Former Partners, Officers, Directors and Shareholders**

None a.  If the debtor is a partnership, list each member who withdrew from the partnership within **one year** immediately
☑      preceding the commencement of this case.

| NAME | ADDRESS | DATE OF WITHDRAWAL |
|---|---|---|

---

None b.  If the debtor is a corporation, list all officers, or directors whose relationship with the corporation terminated within
☑      **one year** immediately preceding the commencement of this case.

| NAME AND ADDRESS | TITLE | DATE OF TERMINATION |
|---|---|---|

---

**23.   Withdrawals from a Partnership or Distributions by a Corporation**

None If the debtor is a partnership or corporation, list all withdrawals or distributions credited or given to an insider,
☑    including compensation in any form, bonuses, loans, stock redemptions, options exercised and any other perquisite
     during **one year** immediately preceding the commencement of this case.

| NAME AND ADDRESS OF RECIPIENT, RELATIONSHIP TO DEBTOR | DATE AND PURPOSE OF WITHDRAWAL | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|

**24. Tax Consolidation Group.**

None  If the debtor is a corporation, list the name and federal taxpayer identification number of the parent corporation of any
☐  consolidated group for tax purposes of which the debtor has been a member at any time within **six years** immediately
preceding the commencement of the case.

NAME OF PARENT CORPORATION                    TAXPAYER IDENTIFICATION NUMBER (EIN)

**25. Pension Funds.**

None  If the debtor is not an individual, list the name and federal taxpayer identification number of any pension fund to which
☐  the debtor, as an employer, has been responsible for contributing at any time within **six years** immediately preceding
the commencement of the case.

NAME OF PENSION FUND                          TAXPAYER IDENTIFICATION NUMBER (EIN)

● ● ● ● ● ● ● ● ●

*[If completed by an individual or individual and spouse]*

I declare under penalty of perjury that I have read the answers contained in the foregoing statement of financial affairs and any attachments thereto and that they are true and correct.

Date _____ 8/20/08 _____          Signature _____

                                                                        *Debtor*

Date _____          Signature _____

                                                                        *Joint Debtor (if any)*

---

*[If completed on behalf of a partnership or corporation]*

I, declare under penalty of perjury that I have read the answers contained in the foregoing statement of financial affairs and any attachments thereto and that they are true and correct to the best of my knowledge, information and belief.

Date _____          Signature _____

                                                                        _____
                                                                        Print Name and Title

[An individual signing on behalf of a partnership or corporation must indicate position or relationship to debtor.]

_____ continuation sheets added

*Penalty for making a false statement; Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571*

---

## DECLARATION AND SIGNATURE OF NON-ATTORNEY BANKRUPTCY PETITION PREPARER
### (See 11 U.S.C. § 110)

I declare under penalty of perjury that: (1) I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110, (2) I prepared this document for compensation and have provided the debtor with a copy of this document and the notices and information required under 11 U.S.C. §§ 110(b), 110(h), and 342(b); and, (3) if rules or guidelines have been promulgated pursuant to 11 U.S.C. § 110(h) setting a maximum fee for services chargeable by bankruptcy petition preparers, I have given the debtor notice of the maximum amount before preparing any document for filing for a debtor or accepting any fee from the debtor, as required by that section.

_____          _____
Printed or Typed Name and Title, if any, of Bankruptcy Petition Preparer          Complete Social Security No. (Required by 11 U.S.C. § 110.)

*If the bankruptcy petition preparer is not an individual, state the name, title (if any), address, and social-security number of the officer, principal, responsible person, or partner who signs this document.*

_____
_____
Address

_____          _____
*Signature of Bankruptcy Petition Preparer*          Date

Names and Social Security numbers of all other individuals who prepared or assisted in preparing this document if the bankruptcy petition preparer is not an individual:

If more than one person prepared this document, attach additional signed sheets conforming to the appropriate Official Form for each person.

*A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both. 18 U.S.C. § 156.*

Statement Regarding Assistance of Non-Attorney - Local Bankruptcy Rule 1002-1 (Rev. 12/03)          2003 USBC, Central District of California

# UNITED STATES BANKRUPTCY COURT
## CENTRAL DISTRICT OF CALIFORNIA

In re

Christopher Hammond

Case No.: 2:08-bk-22417

Chapter: 13

## STATEMENT REGARDING ASSISTANCE OF NON-ATTORNEY WITH RESPECT TO THE FILING OF BANKRUPTCY CASE

**THE DEBTOR/JOINT DEBTOR DOES HEREBY STATE AND REPRESENT:**

☐   I received assistance from a non-attorney in connection with the filing of my bankruptcy case.

1.   I paid the sum of $_____

2.   I still owe the sum of $_____

3.   I agreed to turn over or give a security interest in the following property:



4.   The name of the person or the name of the firm that assisted me was:

Name:

Address:

Telephone:

☒   I did not receive assistance from a non-attorney in connection with the filing of my bankruptcy case.

I declare under penalty of perjury that the foregoing is true and correct.

Executed at _____Los Angeles_____, California.

Executed on: ____8/20/08____
                    Date

_____
Debtor

_____
Joint Debtor

Form B22C (Chapter13) - (1/08)                                    2008 USBC, Central District of California

In re _Chistopher Howard_ (FILED)                          Case No.: 2:08-bk-22417
                                           Debtor(s).      (If known)

**FILED**

**AUG 27 2008**

CLERK U.S. BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
BY: _____ Deputy Clerk

According to the calculations required by this statement:
☐ The applicable commitment period is 3 years
☐ The applicable commitment period is 5 years
☐ Disposable income determined under § 1325(b)(3)
☐ Disposable income not determined under § 1325(b)(3)

(Check the boxes as directed in Lines 17 and 23 of this statement)

## STATEMENT OF CURRENT MONTHLY INCOME AND
## CALCULATION OF COMMITMENT PERIOD AND DISPOSABLE INCOME
### FOR USE IN CHAPTER 13

In addition to Schedules I and J, this statement must be completed by every individual Chapter 13 debtor, whether or not filing jointly. Joint debtors may complete one statement only.

| Part I. REPORT OF INCOME | | |
|---|---|---|
| **1.** Marital/filing status. Check the box that applies and complete the balance of this part of this statement as directed.<br>a. ☐ Unmarried. Complete only Column A ("Debtor's Income") for Lines 2-10.<br>b. ☐ Married. Complete both Column A ("Debtor's Income") and Column B ("Spouse's Income") for Lines 2-10. | | _In propria persona_ |
| All figures must reflect average monthly income received from all sources, derived during the six calendar months prior to filing the bankruptcy case, ending on the last day of the month before the filing. If the amount of monthly income varied during the six-month period, you must divide the six-month total by six, and enter the result on the appropriate line. | **Column A**<br>**Debtor's**<br>**Income** | **Column B**<br>**Spouse's**<br>**Income** |
| **2.** Gross wages, salary, tips, bonuses, overtime, commissions. | $ ~~~~~ | $ |
| **3.** Income from the operation of a business, profession, or farm. Subtract Line b from Line a and enter the difference in the appropriate column(s) of Line 3. If you operate more than one business, profession or farm, enter aggregate numbers and provide details on an attachment. Do not enter a number less than zero. Do not include any part of the business expenses entered on Line b as a deduction in Part IV. | | |
| | a. Gross receipts | $ | |
| | b. Ordinary and necessary business expenses | $ | |
| | c. Business income | Subtract Line b from Line a | $18,500 | $ |
| **4.** Rent and other real property income. Subtract Line b from Line a and enter the difference in the appropriate column(s) of Line 4. Do not enter a number less than zero. Do not include any part of the operating expenses entered on Line b as a deduction in Part IV. | | |
| | a. Gross receipts | $ | |
| | b. Ordinary and necessary operating expenses | $ | |
| | c. Rent and other real property income | Subtract Line b from Line a | $ | $ |
| **5.** Interest, dividends, and royalties. | $ | $ |
| **6.** Pension and retirement income. | $ | $ |
| **7.** Any amounts paid by another person or entity, on a regular basis, for the household expenses of the debtor or the debtor's dependents, including child support paid for that purpose. Do not include alimony or separate maintenance payments or amounts paid by the debtor's spouse. | $ | $ |
| **8.** Unemployment compensation. Enter the amount in the appropriate column(s) of Line 8. However, if you contend that unemployment compensation received by you or your spouse was a benefit under the Social Security Act, do not list the amount of such compensation in Column A or B, but instead state the amount in the space below: | | |
| | Unemployment compensation claimed to be a benefit under the Social Security Act | Debtor $_____ | Spouse $_____ | $ | $ |

Form B22C (Chapter13) - (1/08)                                    2008 USBC, Central District of California

| | | | |
|---|---|---|---|
| 9. | Income from all other sources. Specify source and amount. If necessary, list additional sources on a separate page. Total and enter on Line 9. **Do not include alimony or separate maintenance payments paid by your spouse, but include all other payments of alimony or separate maintenance.** Do not include any benefits received under the Social Security Act or payments received as a victim of a war crime, crime against humanity, or as a victim of international or domestic terrorism. | | |
| | a. _____ $ _____ | | |
| | b. _____ $ _____ | $ | $ |
| 10. | **Subtotal.** Add Lines 2 thru 9 in Column A, and, if Column B is completed, add Lines 2 through 9 in Column B. Enter the total(s). | $ 18,500 | $ |
| 11. | **Total.** If Column B has been completed, add Line 10, Column A to Line 10, Column B, and enter the total. If Column B has not been completed, enter the amount from Line 10, Column A. | $ 18 500 | |

## Part II. CALCULATION OF § 1325(b)(4) COMMITMENT PERIOD

| | | |
|---|---|---|
| 12. | Enter the amount from Line 11. | 18,500 |
| 13. | **Marital adjustment.** If you are married, but are not filing jointly with your spouse, AND if you contend that calculation of the commitment period under § 1325(b)(4) does not require inclusion of the income of your spouse, enter on Line 13 the amount of the income listed in Line 10, Column B that was NOT paid on a regular basis for the household expenses of you or your dependents and specify, in the lines below, the basis for excluding this income (such as payment of the spouse's tax liability or the spouse's support of persons other than the debtor or the debtor's dependents) and the amount of income devoted to each purpose. If necessary, list additional adjustments on a separate page. If the conditions for entering this adjustment do not apply, enter zero. | |
| | a. *Contribution to Wife/Support Kids 7,000*  Potential Settlement | |
| | b. _____ $ _____ | |
| | c. _____ $ _____ | |
| | Total and enter on Line 13. | $ ~~7,000~~ |
| 14. | Subtract Line 13 from Line 12 and enter result. | 18,500 |
| 15. | Annualized current monthly income for § 1325(b)(4). Multiply the amount from Line 14 by the number 12 and enter the result. | $ ~~222,000~~  222,000  expected Divorce |
| 16. | **Applicable median family income.** Enter the median family income for applicable state and household size. (This information is available by family size at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court.)  a. Enter debtor's state of residence: *California*  b. Enter debtor's household size: *5 (own)* | $ expected Divorce  5 (own)  222,000 |
| 17. | Application of § 1325(b)(4). Check the applicable box and proceed as directed.  ☑ The amount on Line 15 is less than the amount on Line 16. Check the box for "The applicable commitment period is 3 years" at the top of page 1 of this statement and continue with this statement.  ☐ The amount on Line 15 is not less than the amount on Line 16. Check the box for "The applicable commitment period is 5 years" at the top of page 1 of this statement and continue with this statement. | |

## Part III. APPLICATION OF § 1325(b)(3) FOR DETERMINING DISPOSABLE INCOME

| | | |
|---|---|---|
| 18. | Enter the amount from Line 11. | $ 18,500 |
| 19. | **Marital adjustment.** If you are married, but are not filing jointly with your spouse, enter on Line 19 the total of any income listed in Line 10, Column B that was NOT paid on a regular basis for the household expenses of the debtor or the debtor's dependents. Specify in the lines below the basis for excluding the Column B income (such as payment of the spouse's tax liability or the spouse's support of persons other than the debtor or the debtor's dependents) and the amount of income devoted to each purpose. If necessary, list additional adjustments on a separate page. If the conditions for entering this adjustment do not apply, enter zero. | |
| | a. _____ $ _____ | |
| | b. _____ $ _____ | |
| | c. _____ $ _____ | 0 |
| | Total and enter on Line 19. | $ |
| 20. | Current monthly income for § 1325 (b)(3). Subtract Line 19 from Line 18 and enter the result. | $ 18,500 |

Form B22C (Chapter13) - (1/08)                                    2008 USBC, Central District of California

| 21. | Annualized current monthly Income for § 1325(b)(3). Multiply the amount from Line 20 by the number 12 and enter the result. | $ 222,000 |
|---|---|---|
| 22. | Applicable median family income. Enter the amount from line 16. | $ ~~13~~ |

222,000

| 23. | Application of § 1325(b)(3). Check the applicable box and proceed as directed.<br><br>☑ The amount on Line 21 is more than the amount on Line 22. Check the box for "Disposable income is determined under § 1325 (b)(3)" at the top of page 1 of this statement and complete the complete the remaining parts of this statement.<br><br>☒ The amount on Line 21 is not more than the amount on Line 22. Check the box for "Disposable income is not determined under § 1325 (b)(3)" at the top of page 1 of this statement and complete Part VII of this statement. Do not complete Part IV, V, or VI. |
|---|---|

## Part IV. CALCULATION OF DEDUCTIONS FROM INCOME

### Subpart A: Deductions under Standards of the Internal Revenue Service (IRS)

| 24A. | National Standards: food, apparel and services, housekeeping supplies, personal care, and miscellaneous. Enter in Line 24A the "Total" amount from IRS National Standards for Allowable Living Expenses for the applicable household size. (This information is available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court.) | $ |
|---|---|---|

| 24B. | National Standards: health care. Enter in Line b1 below the amount from IRS National Standards for Out-of-Pocket Health Care for persons under 65 years of age, and in Line a2 the IRS National Standards for Out-of-Pocket Health Care for persons 65 years of age or older. (This information is available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court.) Enter in Line b1 the number of members of your household who are under 65 years of age, and enter in Line b2 the number of members of your household who are 65 years of age or older. (The total number of household members must be the same as the number stated in Line 18b.) Multiply Line a1 by Line b1 to obtain a total amount for household members under 65, and enter the result in Line c1. Multiply Line a2 by Line b2 to obtain a total amount for household members 65 and older, and enter the result in Line c2. Add Lines c1 and c2 to obtain a total health care amount, and enter the result in Line 24B. | |
|---|---|---|

| Household members under 65 years of age | | | Household members 65 years of age or older | | |
|---|---|---|---|---|---|
| a1. | Allowance per member | | a2. | Allowance per member | |
| b1. | Number of members | | b2 | Number of members | |
| c1. | Subtotal | | c2 | Subtotal | $ |

| 25A. | Local Standards: housing and utilities; non-mortgage expenses. Enter the amount of the IRS Housing and Utilities Standards; non-mortgage expenses for the applicable county and household size. (This information is available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court). | $ |
|---|---|---|

| 25B. | Local Standards: housing and utilities; mortgage/rent expense. Enter, in Line a below, the amount of the IRS Housing and Utilities Standards; mortgage/rent expense for your county and household size (this information is available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court); enter on Line b the total of the Average Monthly Payments for any debts secured by your home, as stated in Line 47; subtract Line b from Line a and enter the result in Line 25B. Do not enter an amount less than zero. | |
|---|---|---|

| | a. | IRS Housing and Utilities Standards; mortgage/rent Expense | $ | |
|---|---|---|---|---|
| | b. | Average Monthly payment for any debts secured by your home, if any, stated in Line 47 | $ | |
| | c. | Net mortgage/rental expense. | Subtract Line b from Line a | $ |

| 26. | Local Standards: housing and utilities; adjustment. If you contend that the process set out in Lines 25A and 25 B does not accurately compute the allowance to which you are entitled under the IRS Housing and Utilities Standards, enter any additional amount to which you contend you are entitled, and state the basis for your contention in the space below:<br><br>_____<br>_____ | $ |
|---|---|---|

| 27A. | Local Standards: transportation; vehicle operation/public transportation expense. You are entitled to an expense allowance in this category regardless of whether you pay the expenses of operating a vehicle and regardless of whether you use public transportation.<br><br>Check the number of vehicles for which you pay the operating expenses or for which the operating expenses are included as a contribution to your household expenses in Line 7. ☐ 0 ☐ 1 ☐ 2 or more.<br><br>If you checked 0, enter on Line 27A the "Public Transportation" amount from IRS Local Standards: Transportation. If you checked 1 or 2 or more, enter on Line 27A the "Operating Costs" amount from IRS Local Standards: Transportation for the applicable number of vehicles in the applicable Metropolitan Statistical Area or Census Region. (These amounts are available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court.) | $ |
|---|---|---|

Form B22C (Chapter13) - (1/08)

2008 USBC, Central District of California

| | | |
|---|---|---|
| 27B. | **Local Standards: transportation; additional public transportation expense.** If you pay the operating expenses for a vehicle and also use public transportation, and you contend that you are entitled to an additional deduction for your public transportation expenses, enter on Line 27B the "Public Transportation" amount from IRS Local Standards: Transportation. (This amount is available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court.) | $ |
| 28. | **Local Standards: transportation ownership/lease expense; Vehicle 1.** Check the number of vehicles for which you claim an ownership/lease expense. (You may not claim an ownership/lease expense for more than two vehicles.)   ☐ 1  ☐ 2 or more.<br><br>Enter, in Line a below, the "Ownership Costs" for "One Car" from the IRS Local Standards: Transportation (available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court); enter in Line b the total of the Average Monthly Payments for any debts secured by Vehicle 1, as stated in Line 47; subtract Line b from Line a and enter the result in Line 28. Do not enter an amount less than zero. | $ |

| | | | |
|---|---|---|---|
| | a. | IRS Transportation Standards, Ownership Costs | $ |
| | b. | Average Monthly Payment for any debts secured by Vehicle 1, as stated in Line 47 | $ |
| | c. | Net ownership/lease expense for Vehicle 1 | Subtract Line b from Line a. |

| | | |
|---|---|---|
| 29. | **Local Standards: transportation ownership/lease expense; Vehicle 2.** Complete this Line only if you checked the "2 or more" Box in Line 28.<br><br>Enter, in Line a below, the "Ownership Costs" for "One Car" from the IRS Local Standards: Transportation (available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court); enter in Line b the total of the Average Monthly Payments for any debts secured by Vehicle 2, as stated in Line 47; subtract Line b from Line a and enter the result in Line 29. Do not enter an amount less than zero. | |

| | | | |
|---|---|---|---|
| | a. | IRS Transportation Standards, Ownership Costs, Second | $ |
| | b. | Average Monthly Payment for any debts secured by Vehicle 2, as stated in Line 47 | $ |
| | c. | Net ownership/lease expense for Vehicle 2 | Subtract Line b from Line a. |

| | | |
|---|---|---|
| | | $ |
| 30. | **Other Necessary Expenses: taxes.** Enter the total average monthly expense that you actually incur for all federal, state and local taxes, other than real estate and sales taxes, such as income taxes, self employment taxes, social security taxes, and Medicare taxes. Do not include real estate or sales taxes. | $ |
| 31. | **Other Necessary Expenses: involuntary deductions for employment.** Enter the total average monthly deductions that are required for your employment, such as mandatory retirement contributions, union dues, and uniform costs. Do not include discretionary amounts, such as voluntary 401(k) contributions. | $ |
| 32. | **Other Necessary Expenses: life insurance.** Enter total average monthly premiums that you actually pay for term life insurance for yourself. Do not include premiums for insurance on your dependents, for whole life or for any other form of insurance. | $ |
| 33. | **Other Necessary Expenses: court-ordered payments.** Enter the total monthly amount that you are required to pay pursuant to the order of a court or administrative agency, such as spousal or child support payments. Do not include payments on past due obligations included in Line 49. | $ |
| 34. | **Other Necessary Expenses: education for employment or for a physically or mentally challenged child.** Enter the total average monthly amount that you actually expend for education that is a condition of employment and for education that is required for a physically or mentally challenged dependent child for whom no public education providing similar services is available. | $ |
| 35. | **Other Necessary Expenses: childcare.** Enter the total average monthly amount that you actually expend on childcare-such as baby-sitting, day care, nursery and preschool. Do not include other educational payments. | $ |
| 36. | **Other Necessary Expenses: health care.** Enter the total average monthly amount that you actually expend on health care that is required for the health and welfare of yourself or your dependents, that is not reimbursed by insurance or paid by a health savings account, and that is in excess of the amount entered in Line 24B. Do not include payments for health insurance or health savings accounts listed in Line 39. | $ |
| 37. | **Other Necessary Expenses: telecommunication services.** Enter the total average monthly amount that you actually pay for telecommunication services other than your basic home telephone and cell phone service-such as pagers, call waiting, caller id, special long distance, or internet service—to the extent necessary for your health and welfare or that of your dependents. Do not include any amount previously deducted. | $ |
| 38. | **Total Expenses Allowed under IRS Standards.** Enter the total of Lines 24 through 37. | $ |

Form B22C (Chapter13) - (1/08)                                              2008 USBC, Central District of California

| | **Subpart B: Additional Living Expense Deductions**<br>Note: Do not include any expenses that you have listed in Lines 24-37. | | |
|---|---|---|---|
| 39. | Health Insurance, Disability Insurance, and Health Savings Account Expenses. List the monthly expenses in the categories set out in lines a-c below that are reasonably necessary for yourself, your spouse, or your dependents.<br><br>a. Health Insurance — $<br>b. Disability Insurance — $<br>c. Health Savings Account — $<br><br>Total and enter on Line 39<br><br>If you do not actually expend this total amount, state your actual total average monthly expenditures in the space below:<br>$ _____ | | $ |
| 40. | Continued contributions to the care of household or family members. Enter the total average actual monthly expenses that you will continue to pay for the reasonable and necessary care and support of an elderly, chronically ill, or disabled member of your household or member of your immediate family who is unable to pay for such expenses. Do not include payments listed in Line 34. | | $ |
| 41. | Protection against family violence. Enter the total average reasonably necessary monthly expenses that you actually incur to maintain the safety of your family under the Family Violence Prevention and Services Act or other applicable federal law. The nature of these expenses is required to be kept confidential by the court. | | $ |
| 42. | Home energy costs. Enter the total average monthly amount, in excess of the allowance specified by IRS Local Standards for Housing and Utilities, that you actually expend for home energy costs. You must provide your case trustee with documentation of your actual expenses, and you must demonstrate that the additional amount claimed is reasonable and necessary. | | $ |
| 43. | Education expenses for dependent children under 18. Enter the total average monthly expenses that you actually incur, not to exceed $137.50 per child, for attendance at a private or public elementary or secondary school by your dependent children less than 18 years of age. You must provide your case trustee with documentation of your actual expenses, and you must explain why the amount claimed is reasonable and necessary and not already accounted for in the IRS Standards. | | $ |
| 44. | Additional food and clothing expense. Enter the total average monthly amount by which your food and clothing expenses exceed the combined allowances for food and clothing (apparel and services) in the IRS National Standards, not to exceed 5% of those combined allowances. (This information is available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court.) You must demonstrate that the additional amount claimed is reasonable and necessary. | | $ |
| 45. | Charitable contributions. Enter the amount reasonably necessary for you to expend each month on charitable contributions in the form of cash or financial instruments to a charitable organization as defined in 26 U.S.C. § 170(c)(1)-(2). Do not include any amount in excess of 15% of your gross monthly income. | | $ |
| 46. | Total Additional Expense Deductions under § 707(b). Enter the total of Lines 39 through 45. | $ | |

| | **Subpart C: Deductions for Debt Payment** | | | |
|---|---|---|---|---|
| 47. | Future payments on secured claims. For each of your debts that is secured by an interest in property that you own, list the name of the creditor, identify the property securing the debt, state the Average Monthly Payment, and check whether the payment includes taxes or insurance. The Average Monthly Payment is the total of all amounts scheduled as contractually due to each Secured Creditor in the 60 months following the filing of the bankruptcy case, divided by 60. If necessary, list additional entries on a separate page. Enter the total of the Average Monthly Payments on Line 47. | | | |

| | Name of Creditor | Property Securing the Debt | Average Monthly Payment | Does payment include taxes or insurance? |
|---|---|---|---|---|
| a. | | | $ | ☐ yes ☐ no |
| b. | | | $ | ☐ yes ☐ no |
| c. | | | $ | ☐ yes ☐ no |
| | | | Total: Add Lines a, b, and c | $ |

Form B22C (Chapter13) - (1/08)                                                    2006 USBC, Central District of California

| | | | | | |
|---|---|---|---|---|---|
| 48. | Other payments on secured claims. If any of debts listed in Line 47 are secured by your primary residence, a motor vehicle, or other property necessary for your support or the support of your dependents, you may include in your deduction 1/60th of any amount (the "cure amount") that you must pay the creditor in addition to the payments listed in Line 47, in order to maintain possession of the property. The cure amount would include any sums in default that must be paid in order to avoid repossession or foreclosure. List and total any such amounts in the following chart. If necessary, list additional entries on a separate page. | | | | |

| | | Name of Creditor | Property Securing the Debt in Default | 1/60th of the Cure Amount |
|---|---|---|---|---|
| | a. | | | $ |
| | b. | | | $ |
| | c. | | | $ |
| | | | | Total: Add Lines a, b, and c |

| | | | |
|---|---|---|---|
| 49. | Payments on prepetition priority claims. Enter the total amount, divided by 60, of all priority claims, such as priority tax, child support and alimony claims, for which you were liable at the time of your bankruptcy filing. Do not include current obligations, such as those set out in Line 33. | | $ |

| | | | | |
|---|---|---|---|---|
| 50. | Chapter 13 administrative expenses. Multiply the amount in Line a by the amount in Line b, and enter the resulting administrative expense. | | | |
| | a. | Projected average monthly Chapter 13 plan payment. | $ | |
| | b. | Current multiplier for your district as determined under schedules issued by the Executive Office for United States Trustees. (This information is available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court.) | X | |
| | c. | Average monthly administrative expense of Chapter 13 case | Total: Multiply Lines a and b | $ |

| | | |
|---|---|---|
| 51. | Total Deductions for Debt Payment. Enter the total of Lines 47 through 50. | $ |

| | | | |
|---|---|---|---|
| | **Subpart D: Total Deductions from Income** | | |
| 52. | Total of all deductions from income. Enter the total of Lines 38, 46, and 51. | $ | |
| | **Part V: DETERMINATION OF DISPOSABLE INCOME UNDER § 1325(b)(2)** | | |
| 53. | Total current monthly income. Enter the amount from Line 20. | $ | |
| 54. | Support income. Enter the monthly average of any child support payments, foster care payments, or disability payments for a dependent child, reported in Part I, that you received in accordance with applicable nonbankruptcy law, to the extent reasonably necessary to be expended for such child. | $ | |
| 55. | Qualified retirement deductions. Enter the monthly total of (a) all amounts withheld by your employer from wages as contributions for qualified retirement plans, as specified in § 541(b)(7) and (b) all required repayments of loans from retirement plans, as specified in § 362(b)(19). | $ | |
| 56. | Total of all deductions allowed under § 707(b)(2). Enter the amount from Line 52. | $ | |

| | | | | |
|---|---|---|---|---|
| 57. | Deduction for special circumstances. If there are special circumstances that justify additional expenses for which there is no reasonable alternative, describe the special circumstances and the resulting expenses in lines a-c below. If necessary, list additional entries on a separate page. Total the expenses and enter the total in Line 57. You must provide your case trustee with documentation of these expenses and you must provide a detailed explanation of the special circumstances that make such expenses necessary and reasonable. | | | |
| | | Nature of special circumstances | Amount of expense | |
| | a. | | | |
| | b. | | | |
| | c. | | | |

| | | |
|---|---|---|
| 58. | Total adjustments to determine disposable income. Add the amounts on Lines 54, 55, 56, and 57 and enter the result. | $ |
| 59. | Monthly Disposable Income Under § 1325(b)(2). Subtract Line 58 from Line 53 and enter the result. | $ |

Form B22C (Chapter13) - (1/08)                                              2008 USBC, Central District of California

## Part VI: ADDITIONAL EXPENSE CLAIMS

**Other Expenses.** List and describe any monthly expenses, not otherwise stated in this form, that are required for the health and welfare of you and your family and that you contend should be an additional deduction from your current monthly income under § 707(b)(2)(A)(ii)(I). If necessary, list additional sources on a separate page. All figures should reflect your average monthly expense for each item. Total the expenses.

60.

| | Expense Description | Monthly Amount |
|---|---|---|
| a. | | $ |
| b. | | $ |
| c. | | $ |
| | Total:  Add Lines a, b, and c | $ |

## Part VII: VERIFICATION

I declare under penalty of perjury that the information provided in this statement is true and correct.  *(If this is a joint case, both debtors must sign.)*

61.

Date: 8/20/08

Signature: _____
(Debtor)

Date: _____

Signature: _____
(Joint Debtor, if any)

# UNITED STATES BANKRUPTCY COURT
## Central District of California

| In re | Christopher Hammond | Debtor. | Case No.: 2:08-bk-22417 (If known) |

## DECLARATION AND SIGNATURE OF NON-ATTORNEY
## BANKRUPTCY PETITION PREPARER (11 U.S.C. § 110)

*Not Applicable*

I declare under penalty of perjury that:

(1) I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110;

(2) I prepared the accompanying document(s) listed below for compensation and have provided the debtor with a copy of the document(s) and the attached notice as required by 11 U.S.C. §§ 110(b), 110(h), and 342(b); and

(3) if rules or guidelines have been promulgated pursuant to 11 U.S.C. § 110(h) setting a maximum fee for services chargeable by bankruptcy petition preparers, I have given the debtor notice of the maximum amount before preparing any document for filing for a debtor or accepting any fee from the debtor, as required by that section.

Accompanying documents:

_____

_____

_____

_____

Printed or Typed Name and Title, if any, of
Bankruptcy Petition Preparer

Social Security No. of Bankruptcy Petition Preparer
(Required by 11 U.S.C. § 110)

*If the bankruptcy petition preparer is not an individual, state the name, title (if any), address, and social security number of the officer, principal, responsible person or partner who signs this document.*

_____

_____

Address

X _____

Signature of Bankruptcy Petition Preparer          Date _____

Names and social-security numbers of all other individuals who prepared or assisted in preparing this document, unless the bankruptcy petition preparer is not an individual:

*If more than one person prepared this document, attach additional signed sheets conforming to the appropriate Official Form for each person.*

**A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both. 11 U.S.C. § 110; 18 U.S.C. § 156.**

Form 19 - Page 2 (Rev. 12/07)                                                            2007 USBC, Central District of California

| In re | Christopher Hammond | Debtor. | Case No.: 2:08-bk-22417 (if known) |

Not Applicable

# NOTICE TO DEBTOR BY NON-ATTORNEY BANKRUPTCY PETITION PREPARER
*[Must be filed with any document(s) prepared by a bankruptcy petition preparer.]*

I am a bankruptcy petition preparer. I am not an attorney and may not practice law or give legal advice. Before preparing any document for filing as defined in § 110(a)(2) of the Bankruptcy Code or accepting any fees, I am required by law to provide you with this notice concerning bankruptcy petition preparers. Under the law, § 110 of the Bankruptcy Code (11 U.S.C. § 110), I am forbidden to offer you any legal advice, including advice about any of the following:

* whether to file a petition under the Bankruptcy Code (11 U.S.C. § 101 et seq.);
* whether commencing a case under chapter 7, 11, 12, or 13 is appropriate;
* whether your debts will be eliminated or discharged in a case under the Bankruptcy Code;
* whether you will be able to retain your home, car, or other property after commencing a case under the Bankruptcy Code;
* the tax consequences of a case brought under the Bankruptcy Code;
* the dischargeability of tax claims;
* whether you may or should promise to repay debts to a creditor or enter into a reaffirmation agreement with a creditor to reaffirm a debt;
* how to characterize the nature of your interests in property or your debts; or
* bankruptcy procedures and rights.

*[The notice may provide additional examples of legal advice that a bankruptcy petition preparer is not authorized to give.]*

In addition, under 11 U.S.C. § 110(h), the Supreme Court or the Judicial Conference of the United States may promulgate rules or guidelines setting a maximum allowable fee chargeable by a bankruptcy petition preparer. As required by law, I have notified you of this maximum allowable fee, if any, before preparing any document for filing or accepting any fee from you

_____  8/26/08          _____
Signature of Debtor              Date          Joint Debtor (if any)                          Date
*[In a joint case, both spouses must sign.]*

Disclosure of Compensation - (Rev. 12/03)                                    2003 USBC, Central District of California

# UNITED STATES BANKRUPTCY COURT
## CENTRAL DISTRICT OF CALIFORNIA

| Attorney or Party Name, Address, and Telephone Number | FOR COURT USE ONLY |
|---|---|
| In re<br><br>_Christopher Hammond_<br><br>Debtor. | CASE NO.: _2:08-bK-22417_<br>CHAPTER: _13_<br>Debtor Address: _3659 Shannon Road_<br>_Los Angeles, Calif._<br>_90027_ |

# DISCLOSURE OF COMPENSATION OF BANKRUPTCY PETITION PREPARER

_Not Applicable_

1. Under 11 U.S.C. § 110(h), I declare under penalty of perjury that I am not an attorney or employee of an attorney, that I prepared or caused to be prepared one or more documents for filing by the above-named debtor(s) in connection with this bankruptcy case, and that compensation paid to me within one year before the filing of the bankruptcy petition, or agreed to be paid to me, for services rendered on behalf of the debtor(s) in contemplation of or in connection with the bankruptcy case is as follows:

   For document preparations services, I have agreed to accept . . . . . . . . . . . . . . . . . .  $_____

   Prior to the filing of this statement I have received . . . . . . . . . . . . . . . . . . . . . . . . . .  $_____

   Balance Due . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  $_____

2. I have prepared or caused to be prepared the following documents (itemize):


   and provided the following services (itemize):


3. The source of the compensation paid to me was:

   ☐ debtor          ☐ Other (specify):

4. The source of compensation to be paid to me is:

   ☐ debtor          ☐ Other (specify):

5. The foregoing is a complete statement of any agreement or arrangement for payment to me for preparation of the petition filed by the debtor(s) in this bankruptcy case.

6. To my knowledge no other person has prepared for compensation a document for filing in connection with this bankruptcy case except as listed below:

_____                    _____
Name                                       Complete Social Security Number

Form B203 - Disclosure of Compensation of Attorney for Debtor - (1/88)

1998 USBC, Central District of California

# UNITED STATES BANKRUPTCY COURT
## CENTRAL DISTRICT OF CALIFORNIA

In re

*Christopher Hammond*

Case No.: *2:08-bk-22417*

### DISCLOSURE OF COMPENSATION
### OF ATTORNEY FOR DEBTOR

Debtor.

*Not Applicable*

1. Pursuant to 11 U.S.C. § 329(a) and Bankruptcy Rule 2016(b), I certify that I am the attorney for the above-named debtor(s) and that compensation paid to me within one year before the filing of the petition in bankruptcy, or agreed to be paid to me, for services rendered or to be rendered on behalf of the debtor(s) in contemplation of or in connection with the bankruptcy case is as follow:

For legal services, I have agreed to accept . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  $_____

Prior to the filing of this statement I have received. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  $_____

Balance Due. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  $_____

2. The source of the compensation paid to me was:

   ❏ Debtor        ❏ Other *(specify)*

3. The source of compensation to be paid to me is:

   ❏ Debtor        ❏ Other *(specify)*

4. ❏  I have not agreed to share the above-disclosed compensation with any other person unless they are members and associates of my law firm.

   ❏  I have agreed to share the above-disclosed compensation with a person or persons who are not members or associates of my law firm. A copy of the agreement, together with a list of the names of the people sharing in the compensation, is attached.

5. In return for the above-disclosed fee, I have agreed to render legal service for all aspects of the bankruptcy case, including:

   a. Analysis of the debtor's financial situation, and rendering advice to the debtor in determining whether to file a petition in bankruptcy;

   b. Preparation and filing of any petition, schedules, statement of affairs and plan which may be required;

   c. Representation of the debtor at the meeting of creditors and confirmation hearing, and any adjourned hearings thereof;

   d. Representation of the debtor in adversary proceedings and other contested bankruptcy matters;

   e. [Other provisions as needed].

6.  By agreement with the debtor(s), the above-disclosed fee does not include the following services

## CERTIFICATION

I certify that the foregoing is a complete statement of any agreement or arrangement for payment to me for representation of the debtor(s) in this bankruptcy proceeding.

_____
Date

_____
Signature of Attorney

_____
Name of Law Firm

| Attorney or Party Name, Address, Telephone & FAX Numbers, and California State Bar Number | FOR COURT USE ONLY |
|---|---|
| *In Pro Per* *Christopher Hammond* *3659 Shannon Road* *Los Angeles, Calif 90027* *chammond @ capitolvision.net* ☑ Individual appearing without counsel ☐ Attorney for: | |

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| In re | |
|---|---|
| *Christopher Hammond* | CHAPTER 13 |
| | CASE NO. 2:08-bk-22417 |
| Debtor(s). | |

## Addendum to Chapter 13 Plan Concerning Debtors Who are Repaying Debt Secured by a Mortgage on Real Property or a Lien on Personal Property the Debtor Occupies as the Debtor's Principal Residence

(A)    **Scope: Consumer Debts Secured by a Mortgage on Real Property, or Secured by Manufactured Housing that the Debtor Occupies as the Debtor's Principal Residence**

    (1)    For purposes of this Addendum, which is incorporated into the debtor's chapter 13 plan (the "Plan"), the term "Mortgage Creditor" includes all creditors whose claims represent consumer debts secured in whole or in part by a security interest in real property or manufactured housing, which real property or manufactured housing constitutes the debtor's principal residence. The provisions of this Addendum are effective until the earlier of: (a) dismissal of the case; (b) the closing of the case; (c) entry of an order granting the debtor a discharge; and (d) entry of an order terminating the automatic stay under 11 U.S.C. § 362(d) as the stay applies to the Mortgage Creditor.

    (2)    Except as provided in paragraphs (3) and (4) below, if the Mortgage Creditor provided monthly statements to the debtor pre-petition, the Mortgage Creditor must provide monthly statements to the debtor. The monthly statements must contain at least the following information concerning post-petition mortgage payments to be made outside the Plan:

---

This form is optional. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*March 2008*

**F 3015-1.1A**

Aug. 26. 2008  3:42PM    eldorad...    No. 3974    P. 9

Addendum to Chapter 13 Plan Concerning Debtors Who are Repaying Debt Secured by a Mortgage
on Real Property or a Lien on Personal Property the Debtor Occupies as the Debtor's Principal Residence - *Page 2 of 5*

| In re | | CHAPTER 13 |
|---|---|---|
| Christopher Hammond | Debtor(s). | CASE NUMBER 2:08-bk-22417 |

(a)  The date of the statement and the date the next payment is due;

(b)  The amount of the current monthly payment;

(c)  The portion of the payment attributable to escrow, if any;

(d)  The post-petition amount past due, if any, and from what date;

(e)  Any outstanding post-petition late charges;

(f)  The amount and date of receipt of all payments received since the date of the last statement;

(g)  A telephone number and contact information that the debtor or the debtor's attorney may use to obtain reasonably prompt information regarding the loan and recent transactions; and

(h)  The proper payment address.

(3)  No monthly statement will be required in this case where post-petition mortgage payments are to be made to the chapter 13 trustee through the Plan, unless the amount of the monthly payment is scheduled to change (because of adjustable interest rate, charges paid by the Mortgage Creditor for taxes, insurance, attorney's fees or any other expenses or fees charged or incurred by the Mortgage Creditor, such as property inspection fees, servicing fees or appraisal fees).  If a Mortgage Creditor does send a monthly statement to the debtor or the chapter 13 trustee and the statement complies with subsection (B)(2) below, the Mortgage Creditor is entitled to the protections set out in such subsection.

(4)  If, pre-petition, the Mortgage Creditor provided the debtor with "coupon books" or some other pre-printed, bundled evidence of payments due, the Mortgage Creditor is not required to provide monthly statements under subsection (2) of this section.  However, the Mortgage Creditor must supply the debtor with additional coupon books as needed or requested in writing by the debtor. If a Mortgage Creditor does send a monthly statement to the debtor or the chapter 13 trustee and the statement complies with subsection (B)(2) below, the Mortgage Creditor is entitled to the protections set out in such subsection.

(5)  The Mortgage Creditor must provide the following information to the debtor upon the reasonable written request of the debtor:

(a)  The principal balance of the loan;

(b)  The original maturity date;

(c)  The current interest rate;

This form is optional. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*March 2008*

**F 3015-1.1A**

Addendum to Chapter 13 Plan Concerning Debtors Who are Repaying Debt Secured by a Mortgage
on Real Property or a Lien on Personal Property the Debtor Occupies as the Debtor's Principal Residence - *Page 3 of 5*

In re **Christoph Hammond** Debtor(s).

CHAPTER 13

CASE NUMBER 2:08-bk-22417

(d)     The current escrow balance, if any;

(e)     The interest paid year to date; and

(f)     The property taxes paid year to date, if any.

(6)     The Mortgage Creditor must provide the following information to the debtor, the debtor's attorney and, when the debtor is making ongoing mortgage or arrearage payments through the chapter 13 trustee, the chapter 13 trustee, at least quarterly, and upon reasonable written request of the debtor or the chapter 13 trustee: (a) any other amounts due or proposed change in payments arising from an adjustable interest rate, charges paid by the Mortgage Creditor for taxes, insurance, attorney's fees or any other expenses or fees charged or incurred by the Mortgage Creditor, such as property inspection fees, servicing fees or appraisal fees; (b) the nature of the expense or charge; and (c) the date of the payment.

(7)     If the secured consumer debt payable to the Mortgage Creditor is not modified by or paid through the Plan and the Mortgage Creditor believes the debtor to be in default, the Mortgage Creditor must send a letter alleging such default to the debtor and the debtor's attorney upon any perceived or actual default by the debtor and before taking any steps to modify the automatic stay.

(B)   **Form of Communication; Modification of the Automatic Stay; and Motions for Order to Show Cause**

(1)     For the purposes of this Addendum, Mortgage Creditors will be considered to have sent the requisite documents or monthly statements to the debtor or the debtor's attorney, as applicable, when the Mortgage Creditor has placed the required document in any form of communication, which in the usual course would result in the debtor and the debtor's attorney receiving the document, to the address that the debtor and the debtor's attorney last provided to the Court. The form of communication may include, but is not limited to, electronic communication, United States Postal Service or use of a similar commercial communications carrier.

(2)     To the extent that the automatic stay arising in this case would otherwise prohibit such conduct, the automatic stay is modified as follows: Mortgage Creditors who provide account information or monthly statements under subsections (A)(1-6) above will not be found to have violated the automatic stay by doing so, and Mortgage Creditors may contact the debtor about the status of insurance coverage on property that is collateral for the Mortgage Creditor's claim, may respond to inquiries and requests for information about the account from the debtor and may send the debtor statements, payment coupons or other correspondence that the Mortgage Creditor sends to its non-debtor customers, without violating the automatic stay. In order for communication to be protected under this provision, the communication must indicate it is provided for information purposes and does not constitute demand for payment.

This form is optional. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*March 2008*

**F 3015-1.1A**

Addendum to Chapter 13 Plan Concerning Debtors Who are Repaying Debt Secured by a Mortgage
on Real Property or a Lien on Personal Property the Debtor Occupies as the Debtor's Principal Residence - *Page 4 of 5*

| In re | | CHAPTER 13 |
|---|---|---|
| Christopher Hammond | Debtor(s). | CASE NUMBER 2:08-bk-22417 |

(3)   As a result of a Mortgage Creditor's alleged non-compliance with this Addendum, the debtor may file a Motion for Order to Show Cause in compliance with Local Bankruptcy Rule 9020-1 no earlier than sixty days after the Mortgage Creditor's failure to comply with sections (A) or (B). Before filing the motion, the debtor must make good faith attempts in writing to contact the Mortgage Creditor and to determine the cause of any non-compliance, and must indicate in the Motion for Order to Show Cause the good faith steps taken, together with a summary description of any response provided by the Mortgage Creditor.

(4)   If a Mortgage Creditor's regular billing system can provide a statement to the debtor that substantially complies with this Addendum, but does not fully conform to all of its requirements, the Mortgage Creditor may request that the debtor accept such statement. If the debtor declines to accept the non-conforming statement, a Mortgage Creditor may file a motion, on notice to the debtor, the debtor's attorney and the chapter 13 trustee, seeking a declaration of the Court that cause exists to allow such non-conforming statements to satisfy the Mortgage Creditor's obligations under this Addendum. For good cause shown, the Court may grant a waiver for purposes of this case and for either a limited or unlimited period of time.

This form is optional. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*March 2008*

**F 3015-1.1A**

| In re | CHAPTER 13 |
|---|---|
| Chrictoper Hammond                     Debtor(s). | CASE NUMBER 2:08-bk-22417 |

# Instructions for Attaching

## Addendum to Chapter 13 Plan Concerning Debtors who are Repaying Debt Secured by a Mortgage on Real Property or a Lien on Personal Property the Debtor Occupies as the Debtor's Principal Residence

This optional addendum concerns chapter 13 debtors who are repaying debt secured by a mortgage on real property or a lien on personal property the debtor occupies as the debtor's principal residence.

A chapter 13 debtor may attach this addendum to his/her chapter 13 plan. This is a court-approved form and may not be altered, except for interlineations clearly marked on the court-approved form which are subject to the Court's review and approval upon consideration of the plan for confirmation. When attaching this form to the chapter 13 plan form (F 3015-1.1), the debtor must indicate in section V.F. (Page 6) of the chapter 13 plan form that the "Addendum to Chapter 13 Plan (F 3015-1.1A) is attached."

This form is optional. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

March 2008
**F 3015-1.1A**